gate in the cause, and which they might have had decided:" Embury v. Conner, 3 N. Y. 522; Le Guen v. Gouverneur, 1 Johns. Cas. 436; Etheridge v. Osborn, 12 Wend. 399; Gardner v. Buckbee, 3 Cow. 120; Burt v. Sternburgh, 4 Cow. 559; Wood v. Jackson, 8 Wend. 1; Wright v. Butler, 6 Wend. 284; Lawrence v. Hunt, 10 Wend. 80. As we are required to give the same force and effect to their judgment as would be given it by courts of the state of New York, and as the defense here set up could not be made against the judgment in those courts, it cannot be made here.

III. The defendant, assuming the character of plaintiff in reconvention, sets up a claim to damages for the violation, by the plaintiff, of the same contract upon which the plaintiff's suit in the superior court of New York city was founded. The claim in reconvention alleges that the defendant contracted with the plaintiff, in consideration of certain sums of money, for the exclusive right to exhibit, within certain specified territory, a spectacular drama called the Black Crook, of which the plaintiff's intestate was the owner, and that the plaintiff, in violation of his said contract, both exhibited said drama himself and caused others to exhibit it within the territory for which the defendant had the exclusive right under said contract—whereby the defendant sustained damages in the sum of ten thousand dollars, for which sum he asks judgment against the plaintiff. To this claim in reconvention the plaintiff has filed three exceptions. First, that the same cause of action was set up by way of counter-claim, in a suit between the same parties, in the superior court of the city of New York, and decided by the final judgment rendered in said cause on the 23d of December, 1876, and, second, that said reconvention is the same set up in the answer of the same defendant to a suit by this plaintiff, in a case No. 8,053 in this court, [unreported,] which reconvention was excepted to by this plaintiff on the same grounds above specified, and said exceptions were sustained and the said answers in reconvention dismissed by this court; and, third, that said reconvention is not pleaded with sufficient particularity and detail. In support of the first and second exceptions, the records of the cause in the superior court of the city of New York and of this court are produced. The only difference between the counter-claim, set up in the suit in the New York superior court, and the reconvention set up in this case is, that the former avers that the plaintiff wholly neglected to protect and secure to the defendant the exercise of the sole right to exhibit said drama within the territory named in the contract, but on the contrary, permitted it to be performed in said territory by others, and the latter charges that both the plaintiff and his intestate themselves exhibited said drama and caused others to exhibit it within the same territory.

Now, whether these two causes of action, to wit, the counter-claim set up in New York and the reconvention set up in this suit, are precisely the same, it is not necessary to determine. The claim in reconvention may be somewhat broader than the counter-claim, but it might and should have been litigated and decided in the issue raised upon the counter-claim in the superior court of New York city. The defendant is, therefore, concluded by the judgment upon the counter-claim in that case: Embury v. Conner, supra; Voorhees v. Bank of U. S., 10 Pet. [35 U. S.] 449; 2 Smith, Lead. Cas. tit. "Estoppel," 455, note; Outram v. Morewood, 3 East, 346. The claim in reconvention set up in the suit in this court, No. 8,053, and dismissed, is substantially the same as the one just passed on, and what has been said applies to it. It was also substantially disposed of by the judgment of the superior court of the city of New York. The reconvention under consideration appears to have been pleaded in too vague and general a manner: McMasters v. Palmer, 4 La. Ann. 381; Wilcox v. His Creditors, 11 Rob. (La.) 347; Jonau v. Ferrand, 2 Rob. (La.) 216. We think all the exceptions to the claim in reconvention, as pleaded, are well taken, and the reconvention must be dismissed.

---

BARRELL, (EDMONDSON v.) See Case No. 4,284.

---

## Case No. 1,040.

### BARRELL v. LIMINGTON.

[4 Cranch, C. C. 70.][1]

Circuit Court, District of Columbia. May Term, 1830.

DEPOSITION—NOTICE—ACT OF 1789—ATTORNEY.

Notice of taking a deposition under the act of 1789, § 30, directed to the party himself, may be served on his attorney-at-law.

Mr. Coxe, for the defendant, objected to a deposition taken on the part of the plaintiff, that the notice, directed to the defendant himself, was served only upon his attorney-at-law in the cause.

THE COURT, however, (nem. con.,) overruled the objection.

---

## Case No. 1,041.

### BARRELL v. SIMONTON.

[2 Cranch, C. C. 657.][1]

Circuit Court, District of Columbia. May Term, 1826.

MALICIOUS PROSECUTION — PLEADINGS—TERMINATION OF PROCEEDINGS—DEMURRER.

In an action for maliciously arresting and holding the plaintiff to bail without probable cause, the affidavit to hold to bail must aver that the suit in which the plaintiff was so mali-

[1] [Reported by Hon. William Cranch, Chief Judge.]