# BRANCH BANK AT MOBILE v. TILLMAN.

1. An action may be brought on a lost negotiable note, which had not been negotiated at the time of the loss.
2. The statute authorising suits to be brought on lost bonds, notes, &c., and requiring an affidavit to be made of the loss, is cumulative, and was not intended to repeal any remedy which previously existed. It is therefore competent to prove by other competent testimony, the loss of an instru-

Branch Bank at Mobile v. Tillman.

ment on which suit is brought, be the effect of the affidavit, when made under the statute, what it may.

Writ of Error to the County Court of Sumter.

THIS was an action of assumpsit, at the suit of the plaintiff in error, on two promissory notes, payable and negotiable at the Branch of the Bank of the State of Alabama at Mobile, which the declaration alledges to be lost, but still due and unpaid. A bill of exceptions was sealed at the instance of the plaintiff, from which it appears that the court refused to admit any secondary evidence of the notes, because an affidavit, such as the statute requires, was not made of their loss. Whereupon the plaintiff took a non-suit, and excepted to the ruling of the court.

M. F. HOIT, for the plaintiff in error, cited Clay's Dig. 326, § 76; 381, § 6; 382, § 9; 2 Root's Rep. 126, 144; 3 Stewt. Rep. 31; 3 Cow. Rep, 303; 10 Johns. Rep. 104; 1 Ves. Sen'r Rep. 341; 16 Ves. Jr. Rep. 430; 2 Greenl. Ev. § 156.

A. R. GATES, for the defendant in error, cited Clay's Dig. 381, § 6; 382, § 9; 3 Stewt. Rep. 31; 6 Porter's Rep. 166; 2 Greenl. Ev. § 156.

COLLIER, C. J.—Mr. Greenleaf, in the section which the counsel have cited, says, if a bill or other negotiable security be lost, there can be no remedy upon it at law, unless it was in such a state when lost, that no person but the plaintiff could have acquired a right to sue thereon. Otherwise the defendant would be in danger of paying it twice, in case it has been negotiated. Therefore, wherever the danger of a double liability exists, as in the case of a bill or note, either actually negotiated in blank, or payable to bearer, and lost or stolen, the claim of the indorsee or former holder has been rejected. But if there is no danger that the defendant will ever be liable on the bill or note, as if it be proved to have been actually destroyed, while in the plaintiff's own hands,

or if the indorsement was specially restricted to the plaintiff only, or if the instrument was not indorsed, or has been given up by mistake, the plaintiff has been permitted to recover upon the usual secondary evidence. See also the citations in the notes by the author on the same page. In Chaudron v. Hunt & Norris, 2 Stew. & P. R. 31, it was held to be.sufficient for the declaration to alledge that the note on which the recovery was sought, was lost, and still unpaid, without averring that it was not indorsed when it was lost, or whether it was lost before or after its maturity.

It is however insisted, that the law in respect to the remedy upon lost notes, has been so modified by the act of 1828, "regulating judicial proceedings," as to require an affidavit to be made of the loss, as a pre-requisite to the institution of the suit. [Clay's Dig. 382, § 9.] The section relied on, and the preamble of the act are as follows : " Whereas, there hath been much uncertainty in the decisions of the courts of this State, respecting the manner in which persons may bring suit upon any bond, bill, note, or other instrument in writing, which may be the foundation of such suit, and which bond, bill, note or other instrument may have been lost ; for remedy whereof: Be it enacted, &c. That when any person may have, or own, or may have had or owned, any bond, bill, note, agreement, or other instrument in writing, the right or title to the same remaining in him, her or them, and the same shall be, or shall have been, destroyed by fire, or lost by accident, such person or persons shall be authorized, upon first making oath in writing of the loss of such bond, bill, note, agreement, or other instrument, and that the same has not been paid, satisfied or discharged, to sue at common law, for and recover upon the same, upon making proof of the contents of such bond," &c. &c. The preamble of this enactment indicates its true meaning, too clearly to be misapprehended, viz : to provide a certain remedy at law, for parties who have lost the written evidence of any debt or duty— the necessity for which is affirmed to be the uncertainty in the decisions of the courts of this State upon the subject. In this view it must be regarded as furnishing a cumulative remedy, and not as repealing or annulling all others which

were previously recognized *at law*. It employs no negative or exclusive terms, either expressly or by implication, and according to established principles of construction, effects nothing else than to furnish an additional remedy—while it leaves all others that are consistent with it, in full force.

Whether, if the notes in controversy purported on their face to have been given in consideration of the purchase of part of a sixteenth section, (as it is said they did,) it would have been competent for the plaintiff to have passed the legal interest in them by an indorsement, we need not inquire. It is not pretended that they were *negotiated*, and the mere fact of their being negotiable, does not affect their right to maintain the action.

Whatever may be the effect of the affidavit when made as the statute directs, we cannot doubt but it is altogether competent to prove by other evidence, at the trial, the loss of an instrument on which snit is brought. It therefore follows, that the judgment of the county court is reversed, and the cause remanded.