JOHNSON PRICE, Respondent, v. PRESLEY DUNLAP, Appellant.

In the case of the loss or destruction of negotiable paper, the plaintiff cannot maintain an action, without first indemnifying the defendant.

The party to whom a note is made payable, is *prima facie* the owner. His right to maintain the action, cannot be questioned on the ground that it belongs to a third party, except the defendant pleads payment to, or offset against that party.

Where the Clerk of a Court is called as a witness, to prove the records of the Court of which he is Clerk, it is no objection that he is interested in the result of the suit.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

This was an action upon a lost note, not negotiable, executed by the defendant in 1850, for $4,320.

Prior to the commencement of the suit, the plaintiff tendered a bond of indemnity to the defendant, to indemnify him against a repayment of the lost note. The defendant was informed at the time of tendering the indemnity, that if it was not satisfactory, or if he had any objection to its form or sufficiency, to make it known, and the plaintiff would give him indemnity which would be entirely free from objection.

Defendant in his answer alleged that the title of the note was vested in one Cicero Price.

At the trial, plaintiff called Abner C. Hunter, to prove the records of the Court of which he was Clerk. It was in proof that Hunter was one of the sureties upon the indemnity bond offered by plaintiff. The Court admitted the testimony and defendant excepted, on the ground of Hunter's interest.

The jury found for the plaintiff. The Court overruled a motion for a new trial, and defendant appealed.

The remainder of the facts material to the points decided appear in the opinion of the Court.

*W. S. Long*, and *Crocker & Robinson*, and *Jo. G. Baldwin*, for Appellant.

The plaintiff did not offer the defendant sufficient indemnity: he should have been secured against any possible chance of loss. 4 Martin (N. S.) 4. 2 Hill, 483. 7 Barn. & C., 90. Story on Bills, § 448. Story on Prom. Notes, § 111. The Practice Act provides that a suit shall be brought in the name of the real party in interest. The record does not show that the plaintiff had any interest whatever in the note sued upon. Netterville v. Stevens, 2 How. Miss. R., 642. Hunter's testimony was inadmissible; he was clearly interested.

*Smith & Hardy,* for Respondent.

The bond of indemnity offered was sufficient. Where a lost note is not negotiable, no security need be given. Pintard v. Tackington, 10 Johns., 104. McNair v. Gilbert, 3 Wend., 344. Blake v. Noland, 12 Ib., 173. Rowley v. Ball, 3 Cow., 303. Lazell v. Lazell, 12 Verm., 443. Hough v. Barton, 20 Ib., 455. 2 Gr. Ev., § 156. Story's Eq. Jurisp., § 86. Ch. on Bills, 264, 268, 270. Thayer v. King, 15 Ohio, 242. Fales v. Russell, 15 Pick., 315.

Hunter was clerk of the Court, and as such was a competent witness to identify its papers and verify its records, although he might be interested in the result of the suit. See Wiggin v. The Free Will Baptist Church, 8 Met., 301.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

Many errors are assigned in the record,—none of which are tenable.

In Welton v. Adams & Co., 4 Cal., 37, we held, that in case of the loss or destruction of negotiable paper, the plaintiff could not maintain his action, without first indemnifying the defendant.

This rule was established for the protection and safety of the commercial community, and has not been extended by any subsequent decisions. The plaintiff in this case has brought himself within the rule: the evidence shows that he did tender a bond of indemnity, and further offered, if such bond was not satisfactory, to furnish such a one as the defendant should suggest or approve. The declaration contains an averment of these facts, as well as of the plaintiff's readiness to submit a bond under the direction of the Court.

Under these circumstances he had done all that he could, and the

defendant's refusal to pay the amount in dispute, may be regarded as founded in captiousness, rather than an objection to the bond,—the sufficiency of which he does not appear to have questioned until the trial.

The objection that the plaintiff is not the party in interest, is without foundation; the note was made payable to him, and he is *prima facie* the owner;—his right to maintain this action cannot be questioned, except the defendant pleads payment or offset against Cicero Price, whom he alleges is the true owner of the note.

The objection to the testimony of Hunter and McKee is frivolous; the one was called to prove the records of the Court, of which he was Clerk; and the computation of interest, attached to the deposition of the latter, was never read in evidence. That portion of Reed's testimony with regard to the entries made by himself, was undoubtedly admissible. As to the other portions, while they might be admitted upon good authority as part of a chain of facts, the main circumstances of which had already been proved, still, we are not called upon to decide how far such evidence was admissible, as the testimony does not appear to have been material.

The other assignments of error are unimportant, and cannot be maintained.

Judgment affirmed, with costs.