## CALVIN MOORE *versus* JOHN FALL.

A recovery may be had on a destroyed or lost note, which is not negotiable; or which, being negotiable, has not been negotiated; or which, having been negotiated, has been specially indorsed to the plaintiff, to whom it is exclusively payable.

In England, if a note, being negotiable and negotiated, has been lost, a court of equity has jurisdiction to enforce its payment, upon sufficient indemnity being furnished.

The owner of a lost note may maintain an action, without furnishing indemnity, if it appear at the trial that the statute of limitations may be interposed to prevent a recovery by a *bona fide* holder.

Moore *v.* Fall.

When an action is legally commenced and properly pending, the Court has no authority to dismiss it, on motion, because the plaintiff has not tendered a bond of indemnity.

If the proof of the loss or destruction of the note be insufficient, the defendant may be entitled to a verdict in his favor, but not to a dismissal of the action.

It seems, that courts may continue an action upon a note alleged to be lost or destroyed, until it shall become barred by the statute of limitations.

If a note be destroyed, the plaintiff, upon proof thereof, may recover in a suit at law.

EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

This was an action on a note, dated March 21, 1850, for $200, on demand and interest; said note purported to be signed by T. M. Hobson and said Fall, as surety, payable to Luther S. Moore, and by him, before, or about the time of the suing out of the writ, indorsed to the plaintiff. After the commencement of the suit, and before the trial, there was proof tending to show, that said note was burned or lost.

After the evidence for the plaintiff was in, and before the defendant opened, a motion was made by defendant's counsel for a nonsuit, on the ground, that an action at law could not be sustained, on proof of the loss of said note, or that it was destroyed, which motion the Court overruled.

After the testimony was all in, both for plaintiff and defendant, a motion was made by defendant's counsel to dismiss the action, on the ground that the action could not be sustained on the proof offered, as to the loss of the note, unless plaintiff tendered a bond of indemnity to save the defendant harmless, in case said note should hereafter be found; which motions were severally overruled.

To the refusal of the Judge to order a nonsuit, and to the refusal to order a bond of indemnity to be filed, the defendant excepted.

*N. Clifford* and *L. S. Moore*, for plaintiff.

I. There is no question of law raised in the bill of exceptions for the consideration of the Court.

All that is material in the bill of exceptions will be found in the closing paragraph, which is in these words:—"And to the refusal of the Judge to order a nonsuit, and to the refusal

to order a bond of indemnity to be filed, the defendant excepts, and prays that his exceptions may be examined, approved and allowed."

Two errors are alleged, and two only, and these are specifically set out; and to those we desire to direct the attention of the Court.

1. The first is, that the motion for nonsuit was refused. And to that, we answer, that a motion for nonsuit is, in all cases, addressed to the discretion of the presiding Justice; and his refusal to order it does not, and cannot afford the party any ground of exception. *French* v. *Stanley*, 21 Maine, 512; *Morgan* v. *Ide & al.*, 8 Cush. 420.

Not even when both parties request the ruling. *Farnum* v. *Davidson*, 3 Cush. 232; *Bassett* v. *Porter*, 4 Cush. 487; *Girard* v. *Gettig*, 2 Binney, 234; *Gregory* v. *Prescott*, 5 Cush. 67.

In this last case, it was held that even if the motion was not addressed to the discretion of the Court, the party waived it by proceeding to trial.

2. The second complaint is, that the presiding Judge refused to order a bond of indemnity to be filed.

It will be seen that there is an obvious incongruity between the narrative of the bill of exceptions and the excepting clause. According to the former, the request for the bond of indemnity was connected with a motion to dismiss. And yet the exception is directed solely to the refusal to order the bond of indemnity, and no complaint whatever is made that the action was not dismissed. The overruling of the motion to dismiss is not embraced in the exception.

Whether a bond shall be ordered or not in any case, is necessarily a question of discretion, to be exercised by the Court. And the order, when made, cannot be made effectual, unless as a condition to be annexed to the judgment. *Fales* v. *Russell*, 16 Pick. 315.

In that case, the order was made by the full Court, after the trial, to the jury, and at the time of overruling the objection that an action would not lie on a lost note.

Suppose the state of facts disclosed at the trial were such that an order for a bond of indemnity would at some time be proper, (which we deny,) still, the request was obviously premature, as the result of the trial, if favorable to the defendant, would show it to be wholly useless and unnecessary.

Many reasons might be suggested why it would be better to follow the practice adopted by the Court in the case already cited from Massachusetts.

At all events, it is discretionary with the presiding Justice whether he will make the order before or after verdict, and so exceptions will not lie.

3. It is well settled law that exceptions do not lie to the decisions or rulings of a Judge sitting for the trial of jury causes in any matter within his discretion. *Moody* v. *Hinkley,* 34 Maine, 200; *Wright & al. Lessee of Hollingsworth,* 1 Pet. 165.

It is insisted, therefore, that there is no question of law raised in this bill of exceptions, touching the right of the plaintiff to maintain this action, and that the bill of exceptions ought to be overruled.

4. When a cause is before the Court on a bill of exceptions, nothing is to be considered except what is necessarily and clearly presented by the exceptions. *Page* v. *Smith,* 25 Maine, 262; *Wyman* v. *Wood & al.,* 25 Maine, 436.

Exceptions, in order to be available, must be specifically taken. *Kimball* v. *Irish,* 26 Maine, 447; *Stowell* v. *Goodenow,* 31 Maine, 538.

The exceptions on the two points already considered, are specifically taken; and as the other matters that occurred at the trial are only stated as narration, and are entirely omitted in the excepting clause of the bill of exceptions, they must be considered as waived by the defendant, especially as he subsequently proceeded to a trial on the merits. *Expressio unius est exclusio alterius.* Brooms's Legal Maxims, 278.

II. But suppose that the other matters in the bill of exceptions, though stated merely as narrative, are nevertheless to

be considered as duly presented for discussion, we are willing to meet them.

It will be observed that the note in this case bears date March 21, 1850, and that it was made payable on demand, and therefore was overdue when the action was commenced. The facts reported, show that it was in existence at the date of the writ, and that it has since been burned or destroyed without any fault of the plaintiff.

1. Now, on that state of facts, the decisions in this country are uniform, that the action is maintainable, without any bond of indemnity, either before or after verdict.

It is so even in New York, where the English doctrine has been more closely followed than in any other of the American States. *Rowley* v. *Ball*, 3 Cow. 303.

The Court held in that case, that the action was not maintainable merely on proof that the note was lost; it must go further, and show that it was destroyed.

2. No such distinction is acknowledged, either in the courts of Massachusetts, or of this State, or by the Supreme Court of the United States. The doctrine here is, that the action is maintainable, whether the note is lost or destroyed, especially if it was in existence at the time when the suit was commenced. *Jones* v. *Fales*, 5 Mass. 101; *Fales* v. *Russell*, 16 Pick. 315; *Willis* v. *Cressey & al.*, 17 Maine, 9; *Peabody* v. *Denton & al.*, 2 Gall. 351; *Renner* v. *Bank of Columbia*, 9 Wheat. 581; Story on Prom. Notes, § 111, note 3, pp. 244 & 448.

It is said by Greenleaf, "if there is no danger that the defendant will ever again be liable on the note or bill, as if it be proved to have been actually destroyed, the plaintiff is permitted to recover on secondary evidence." 2 Greenl. Ev. § 156, page 153; *Thayer* v. *King*, 15 Ohio, 242; *Viles* v. *Moulton*, 11 Vt. 470; *Swift* v. *Stevens*, 8 Conn. 431.

*Eastman & Leland*, for defendant.

APPLETON, J.—This is an action brought by the indorsee upon an indorsed note, which there was proof tending to

show had been destroyed by fire since the commencement of the suit.

After the evidence for the plaintiff had been introduced, the counsel for the defendant moved a nonsuit, on the ground that an action at law could not be sustained on proof either of the loss or destruction of the note, which motion was overruled.

The law is well settled, that a recovery may be had on a lost note which is not negotiable, or which, being negotiable, has not been negotiated, or which, being negotiated, has been specially indorsed to a particular individual, to whom it is exclusively payable. *Pintard* v. *Tackington*, 10 Johns. 104; Chitty on Bills, (10th Amer. ed.,) 264.

In England, if a note, being negotiable and negotiated, has been lost, the court of equity has jurisdiction to enforce payment of the amount due, upon a sufficient indemnity. In Massachusetts, a court of law prescribes a reasonable security for the defendant's protection, upon furnishing which the plaintiff is permitted to recover. It seems, too, that the courts of that State will continue the action till the lost note shall have become barred by the statute of limitations.

If the note was destroyed, it is well settled that the plaintiff, upon proof thereof, may recover at law. *Rowley* v. *Ball*, 3 Cow. 303; *Swift* v. *Stevens*, 8 Conn. 431; *Viles* v. *Moulton*, 11 Verm. 470.

No question was made as to the sufficiency of the proof to show the loss or destruction of the note in suit.

The motion for a nonsuit, on the ground that no action could be sustained at law, on proof that the note was destroyed, was properly overruled.

In this State, it was determined, in *Torrey* v. *Foss*, 40 Maine, 74, that the owner of a lost note may maintain an action at law, without furnishing an indemnity, if it appear that the statute of limitations may be interposed to prevent a recovery by a *bona fide* holder. The defendant would be *now* protected by time against a future holder of the note, had it been lost.

The motion to dismiss the action, unless the plaintiff tendered a bond of indemnity, was properly denied. The Court had no authority, for any such cause, to dismiss an action properly commenced and legally pending. If the evidence was insufficient to show the existence and destruction of the note in suit, or its loss, the defendant may have been entitled to a verdict in his favor, but not to the dismissal of the action.

*Exceptions overruled.*

TENNEY, C. J., and RICE and GOODENOW, J. J., concurred.