## Benjamin F. Bradley v. Henry Silsbee.

*Evidence: Proof of documents: Record: State patents: Instruments belonging in private hands.* The general rule in regard to proof of documents is, that the original shall be produced unless required to remain in some public office; and no record of an instrument belonging in private hands can be given in proof as primary evidence except by virtue of statutory provisions; and the reception as such evidence, in the absence of any statute authorizing it, of a certified copy of a record in the office of the secretary of state, of a state patent, is error.

*Heard January 13.    Decided January 21.*

Error to Midland Circuit.

*Gaylord & Hanchett,* for plaintiff in error, on the point that the certified copy of the record in the office of the secretary of state was not admissible to prove the patent, cited: *Smith v. Lawrence, 12 Mich., 431; Haile v. Palmer, 5 Mo., 417; Brown v. Hicks, 1 Ark., 232; Peck v. Clark, 18 Texas, 240; Hatchett v. Conners, 30 Ib., 110; Filler v. Shotwell, 7 W. & S., 14; Harker v. Gustin, 7 Halst., 42; Hammalt v. Emerson, 27 Me., 334.*

*H. H. Hoyt,* for defendant in error, to the same point *contra,* cited: *Clark v. Hall, 19 Mich., 371.*

CAMPBELL, J:

Defendant in error brought ejectment, and to maintain his title introduced in evidence a paper purporting to be a certified copy of a record in the office of the secretary of state of the state of Michigan, of a patent from said state to one Delway Jones, dated March 25, 1869. The certificate of the secretary of state, under the great seal, certified it to be a true transcript of the whole of the original record of patent No. 19,950 in his office.

Objection was made that there is no law providing for the recording of patents in that office, and that no founda-

tion was laid for secondary evidence.    The testimony was admitted, and error is assigned upon it.

As the secretary of state is required to act with the governor in fixing the seal of state to all patents, and is only to issue them in proper cases and upon proper vouchers, he is obliged to keep some kind of record which will show what patents issue, and all the means of identifying them.    He is required to record at length all titles of lands belonging to the state, in whatever form they are made.— *C. L.* §§ *211 to 216.*    There is, however, no statute which requires him to make *verbatim* records of patents issued, so far as we have discovered.

In regard to internal improvement lands, which are paid for in full, the governor is required to execute and deposit with the secretary of state patents for all parcels reported to him as sold and paid for, "which patents, or duly certified copies thereof, shall be sufficient evidence of the facts contained therein."—*C. L.,* § *3859.*    These patents are not to be issued by the secretary until the proper certificates and vouchers are filed.—§§ *3860–1.*

Where swamp lands have been earned, the governor is in like manner to execute patents and file them, not with the secretary of state, but with the commissioner of the land office, to be delivered if called for, and otherwise to be filed, and notice given to the county treasurers that they may be taxed.—*C. L.,* §§ *3996–7–8.*

Nothing is said in either of these laws concerning recording patents, or making copies of the record evidence.    There may be cases where persons not entitled to call for the originals may have occasion to prove the contents of such papers on file, and if so, the statutes provide how any papers in a public office may be exemplified, and the patents on file would be like other documents in the same position, originals, and not recorded copies.    By *section 3869* provision is made for recording patents by the various registers of deeds, whereby the record is to have the same effect as that of other conveyances.

BRADLEY *v.* SILSBEE.

There are, under the common law, and perhaps under some of the laws of the United States, some public acts of record, where the original is always found in the public office, and the copy issued to the party interested is itself an exemplification. Our statutes do not go upon this theory. The patent is signed by the governor and verified by the secretary of state as his certifying officer, and the original is delivered to the grantee in all cases. It may be recorded in the county records, and evidence of its contents thus preserved. Copies from a county record of all deeds are *prima facie* evidence.—*C. L.*, § *4233.*

The general rule in regard to proof of documents is, that the original shall be produced unless required to remain in some public office. If it belongs in such a place it can be proved by an exemplification. If belonging in private hands it must be introduced in evidence, unless lost or otherwise beyond the power of parties to prove it except by secondary evidence. Our statutes are peculiar in allowing the record of deeds to be given in proof as primary evidence. No record of deeds can have such an effect except by statute, and such statutes are uncommon.

If the secretary of state keeps accurate copies of all the patents which he issues, it may be a very useful precaution, and furnish valuable means of procuring secondary evidence; but there is no statute making such records, or transcripts from them, primary evidence.

As this was the only proof of title offered by the plaintiff below, he made out no case.

The questions presented concerning the title of the defendant below are important, but as we understand they are likely to be presented in other cases, where it may be easier to dispose of them without being involved in some of the minor disputes disclosed by this record, we shall not now discuss them.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.