PEOPLE EX REL. GERMANIA FIRE INSURANCE COMPANY v. THE
                CIRCUIT JUDGE FOR NEWAYGO COUNTY.

*Order to produce papers needed by the defense.*

In a suit by a foreign insurance company upon the bond of an agent,
it was *held* proper to order the company to produce, as neces-
sary to the defense, certain alleged contracts between itself and
other companies for which defendant was also agent, and which
were also parties to the bond and apparently privies to all deal-
ings to which it related, by which contracts it was claimed that
these companies constituted an underwriters' agency together,
whereby a separate accounting would presumably be affected;
and the fact that plaintiff did not admit the existence of the
contracts is not of itself a reason for refusing the order if the
petitioner gave some evidence that they existed.

MANDAMUS. Motion submitted June 10. Denied July 1.

*Smith, Nims & Erwin* for relator.    A petition for a
mandamus to compel the defendant to produce business
papers must show that the petitioner cannot safely go
to trial without them, *Cummer v. Kent Circ. Judge*, 38
Mich., 351; under the English practice, defendant's sworn
denial that he had any documents necessary to the
moving party ended the matter, 2 Dan. Ch. Pr., 1375-6;
and no order to produce them would be made, *Storey v.
Lennox*, 1 Myl. & C., 534; *Farquharson v. Balfour*, 1
Turn. & Russ., 183; *Morrice v. Swaby*, 2 Beav., 500;
*Greenlaw v. King*, 1 Beav., 146, n. 2; if the petitioners
show that parties not before the court have an interest
in the papers (*Lopez v. Deacon*, 6 Beav., 254), or if the
defendant does not admit their existence or materiality
(*Reynell v. Sprye*, 1 De G., M. & G., 656) it is an abuse
of practice to order their production merely upon a fish-
ing petition, *Wooley v. Pole*, 108 E. C. L., 537; *Thompson
v. Robson*, 2 H. & N. Exch., 412; *Bray v. Finch*, 1 H. &
N. Exch., 468; *Hunt v. Hewitt*, 7 Exch., 236.

*Keating & Allen* and *Edwin Potter* for respondent.

Where facts are shown that warrant a presumption that a document in defendant's possession will tend to prove facts necessary to plaintiff's case, an order of discovery should be granted him, *Metropolitan Company's Case*, 3 Daly, 171; and if defendant does not deny the facts as alleged, the petitioner is entitled to all the inferences from them, *Thompson v. Erie R. R.*, 9 Abb. Pr. (N. S.), 212; an order of discovery can be vacated by the sworn denial of defendant that he has possession or control of the documents, Chan. Rule 44; but an affidavit that the document sought contains no such entries as are alleged is not a proper answer to the petition, *Elder v. Bogardus*, 1 Edmunds' Select Cases, 110; *Maxwell v. McDowell*, 5 Jones (N. C. L.), 391.

COOLEY, J. This is an application for a mandamus to compel the circuit judge to vacate an order requiring the relator to produce certain papers to enable the defendants in a suit brought by relator to prepare for their defense.

The suit was brought upon a bond given by Alpheus G. Smith as principal and Jonathan Boyce and Charles D. Nelson as sureties, to the Germania Fire Insurance Company, the Hanover Fire Insurance Company, the Niagara Fire Insurance Company and the Republic Fire Insurance Company, all of the city of New York, and by which the obligors bound themselves in the sum of five hundred dollars to each of said insurance companies, conditioned for the faithful discharge by Smith of the duties of agent to each of said companies, and his faithful accounting for moneys received. The breach alleged was a failure on the part of Smith to account to relator for moneys received by him as such agent for relator. The sureties alone appear and defend.

The petition upon which the order to produce papers was made, set forth among other things that the four insurance companies named in the bond constituted the Underwriters' Agency of New York under an agreement

or contract between them, which agency ceased January 1, 1874, when a new arrangement was made between said Germania Fire Insurance Company and said Hanover Fire Insurance Company, which companies associated themselves together under the name of the New York Underwriters' Agency, and that said Smith was made the agent of the new agency. It is then averred that the paper, writing, agreement or contract by which the said Underwriters' Agency of New York was created, and also that by which the said New York Underwriters' Agency was created, are material to enable them to prepare for their defense; that they have endeavored to obtain the same or copies thereof from Smith, the principal in their bond, and from the plaintiff in the suit against them, detailing various proceedings taken by them for the purpose, all of which have proved ineffectual. And they pray for an order of court compelling the plaintiff to produce the same or sworn copies thereof, for their inspection. The circuit judge on due notice and hearing of the parties, made the order prayed for.

On a subsequent day the circuit judge allowed the plaintiff to move on new papers for an order vacating the order made on the petition. In support of the motion plaintiff produced the following affidavit:

[Title of the cause, and venue.] "Merwin F. Collier being duly sworn deposes and says that since 1864 deponent has been state agent for the state of Indiana of said Hanover Fire Insurance Company; that he is now the state agent for said state of Indiana for said plaintiff; that he is also and has been since January, 1878, the state agent of said plaintiff for the State of Michigan; that he makes this answer on behalf of said plaintiff to the order of the court made in the above entitled cause on the 20th day of May, 1878, to discover and serve sworn copies of certain contracts in said order described, to wit:

"A contract or agreement constituting the 'Underwriters' Agency,' and also a contract or agreement constituting the 'Underwriters' Agency of New York,' deponent says that there never was made by or between the Germania Fire Insurance Company and Hanover

Fire Insurance Company and Niagara Fire Insurance Company and the Republic Fire Insurance Company respectively of the city of New York any agreement or contract creating the 'Underwriters' Agency' aforesaid in the year 1864, or at any other time, but that each company respectively acts and contracts for itself in all its bonds and policies, and not one for the other or others.

"*Second;* That there never was a contract or agreement made by or between the Germania and Hanover Fire Insurance Companies respectively of New York, establishing 'The Underwriter's Agency of New York,' in 1874 or at any other time, but that each company acts and contracts for itself in all its contracts, bonds and policies, and not one for the other or others.

"Deponent further says that there are no contracts between the said companies of the kind ordered produced, or of any other character, that in any manner limits or affects the bonds on which suit is brought, or in any manner affects the liability of the sureties thereon.

"Deponent further says that he has authority to make and makes the foregoing disclosure on behalf of said company; that he has knowledge of the facts contained therein, and that the same are true."

The circuit judge declined to vacate his order. The objections to the order which have been urged before us may be summed up as follows:

1. There is no sufficient showing that such papers as are called for ever existed.

2. If a *prima facie* case had been made out, still the court would not order their production by a party who does not admit having them in his possession.

3. Nor would it order papers produced in which third parties are interested, as appears to be the case here, if any such papers exist.

4. The proper method of procuring such papers is by subpœna *duces tecum*.

5. It is sufficiently shown by Collier's affidavit that no such papers are in existence.

6. If there were such papers they would not concern the defendants. They are interested only in the dealings of Smith with the plaintiff, and not at all in the

dealings of the several insurance companies with each other.

We are of opinion that the circuit judge decided correctly the motion which was made. If the papers called for are in existence, we can well see that they may be very important to the defense. Smith was employed at first by four companies and afterwards by two, under an arrangement to which all were parties, and it is not to be assumed that the joint arrangement between these companies was one that could not affect the accounting with the companies severally. Nor do we think the court must refuse to order the papers produced merely because the plaintiff does not admit their existence. The petitioners furnished some evidence that there were such papers, and the suggestion that the companies would have between themselves an arrangement so important without expressing its terms in writing is so incredible that we think the officers of the plaintiff were fairly called upon to make some explanation before they should ask the court to disregard such evidence as the petitioners had produced. The affidavit of Collier is not satisfactory. In the very nature of the case it was impossible that he should be able to testify of his own knowledge that no such papers were made, and we look upon his affidavit as being intentionally made evasive. The interest of the other insurance companies in the contracts is no reason for their not being produced: they were parties to the bond also, and are apparently privies to all the dealings to which the bond relates. Nor is it a sufficient answer to the petition that the facts might all have been brought out by calling the proper parties as witnesses. The plaintiff is a foreign corporation, and we think it but justice that these papers should be produced here, that defendants may know what their legal obligations upon the papers were before going into the trial. There is no injustice whatever in such course, and as the court here will have ample

power to enforce its order, or to stay or dismiss the suit on non-compliance, that will avoid all questions that might arise as to the power to compel the production of the papers in a foreign jurisdiction on subpœna *duces tecum.*

The mandamus is denied with costs.

The other Justices concurred.