WILLIAM H. McKINNEY v. THE ESTATE OF JOHN HAMILTON.

*Claim against estate—Possession of evidence of claim.*

1. One whose claim against an estate consists in a negotiable instrument which has passed out of his control cannot have it allowed until in some direct controversy with the person holding it he has negatived such person's right to it so as to protect the estate from farther vexation on account of it.

2. Proceedings to obtain from commissioners the allowance of a claim against an estate are subject, on appeal to the circuit court, to the

same substantial rules as a common-law action, the cause of action being a common-law right.

3. One who seeks to obtain against an estate the allowance of the amount for which decedent had given a negotiable instrument, must be prepared to produce it, if possible, before the court on the trial of his claim, so that it may be identified with the judgment and surrendered, if satisfied. If he cannot produce it he must sue as on a lost note and bring himself within the statutory rule (How. Stat. §§ 7518–19) or the rule of equity which by order of the court dispenses with its production on giving full indemnity.

Error to Ionia. (V. H. Smith, J.) Jan. 31.—April 30.

APPEAL in probate. Plaintiff brings error. Affirmed.

*Morse, Wilson & Trowbridge* for appellant. The possession of a note is only prima facie evidence of ownership, and non-ownership of note at time suit is brought can be shown under the general issue: *Reynolds v. Kent* 38 Mich. 246; *Hovey v. Sebring* 24 Mich. 232; *Blackwood v. Brown* 32 Mich. 104; *Hays v. Haythorn* 74 N. Y. 487; *Hesser v. Doran* 41 Ia. 469; *Greenwell v. Haydon* 78 Ky. 332; the owner of a note held by another as trustee can sue on it: *Selden v. Pringle* 17 Barb. 458; 2 Pars. N. & B. 441.

*Mitchel, Bell & McGarry* for appellee. At common law, if the owner of a negotiable note or bill lost it, so that it could not be produced at the trial, he could not maintain an action upon it: *Crandall v. Schroeppel* 1 Hun 557; *Rowley v. Ball* 3 Cow. 303; *Kerby v. Sisson* 2 Wend. 550; *Moses v. Trice* 27 Grat. 556; 2 Greenl. Ev. § 156; Story on Bills §§ 448, 449; *Bank of Utica v. Smith* 18 Johns. 240; *Hook v. Murdoch* 38 Mo. 224; Edw. N. & B. 302; *Freeman v. Boynton* 7 Mass. 486; where a negotiable note is given for money lent or goods sold or a debt due, the creditor is not allowed to recover on the original contract without producing and canceling the note or proving that it has been destroyed or lost: *Holmes v. D'Camp* 1 Johns. 34; *Angel v. Felton* 8 Johns. 149; *Burdick v. Green* 15 Johns. 247; *Hughes v. Wheeler* 8 Cowen 77; *Van Alstyne v. Nat. Com. Bank of Albany* 7 Trans. Rep. N. Y. 241.

CAMPBELL, J. In this case the claimant undertook to prosecute a claim against an estate upon a negotiable instrument which was in possession of another person claiming

title to it and having the usual marks of ownership. The same cause of action had been presented by her for allowance, and in this way the paper came within the reach of the court, but in her controversy and subject to her claim of ownership. The circuit court of Ionia county, to which the case had been appealed, refused on the trial to allow plaintiff to recover.

We think this ruling was correct. The other claimant of the note was a stranger to this controversy between plaintiff and the estate, and could not be brought into it. This suit, after reaching the circuit court, is in all respects equivalent to a common-law action and subject to the same substantial rules, inasmuch as the cause of action is a common-law right. The rule has always been settled that a person who seeks to recover on such a written agreement as the one involved here must be prepared to produce it and have it before the court on the trial so as to be properly marked and impounded, if necessary, and identified with the judgment and delivered up if satisfied. This rule had no exceptions unless by the order of a court of equity, on full indemnification the owner who had lost it should be permitted to sue without its production. Our statutes have supplied a similar remedy in the same suit. But unless a plaintiff sues as on a lost note, and brings himself within the exemption afforded by equity or by the statute, the rule is fixed.

It is not a rule of technicality but of justice, and no case presents a fuller illustration of it than the present. There are two rival claimants for this note, and both sue. There is no legal method of settling the mutual rights of the several claimants in this controversy. The holder of the note, having the legal title, as it appears on its face, must recover unless defendant can show she does not own it, and of this showing the jury must be satisfied. Another jury, at the suit of this plaintiff, might take a different view of the case as presented to them, and give a second judgment against the estate. This result might be attained either by failures in testimony, or different views of the credit of witnesses, or collusion. The plaintiff should have resorted to such pro-

ceedings against the other claimant as would have bound her, and protected the estate against a double litigation. The evidence which will destroy her claims, if there is any such evidence, is within his knowledge and reach. He cannot throw upon the estate the burden of fighting his battles. It is, as already stated, the purpose of the rule referred to, to prevent just-such complications as we are asked to create by overruling the action of the circuit court. We are not called on to advise what remedy plaintiff may yet have against the other claimant, or to consider the point which is hinted at in the record, of the position of these conflicting claimants concerning some questionable transactions. But we agree with the circuit court that no recovery can be had here.

The possession of the note by the circuit court does not affect the case, as it belonged to the party who filed it, until taken from her by some proper proceeding. The circuit court could not in any summary way dispose of her rights. It is not enough for the plaintiff to show the note as possessed or claimed by any one else. He must be able to produce it as controlling it, and as able to protect the defendant from having it produced by some one else with a better apparent title than his own.

The judgment must be affirmed.

COOLEY, C. J. and CHAMPLIN, J. concurred.

SHERWOOD, J., dissenting. John Hamilton died in 1881. The plaintiff in this case claims to be the owner of a note given to him or order, for $500, by the deceased in his lifetime. It became due on the second day of September, 1879. The deceased paid on the note, August 11, 1880, one year's interest, which was duly endorsed on the note of that date. After commissioners on claims were appointed, the plaintiff, being about to go east, handed the note to George W. French, living in Lyons, to present to the commissioners for allowance. A short time thereafter Mrs. Curtis (a daughter of the deceased) called upon Mr. French and said she wished to see the note; wished to obtain the signature to it, when it

was paid, for her boy; asked if there was an endorsement upon it; and Mr. French then took the note from his drawer and handed it to her to look over, as he had not noticed it as to endorsements. After she took it and read it, she said to Mr. French, "I am going to keep this note because Uncle Henry (meaning plaintiff) owes me," put it in her pocket against the remonstrance of Mr. French, and refused to give it to him and carried it away, and has ever since had it, presenting it only when required in legal proceedings. The plaintiff being unable to obtain the note to file before the commissioners, presented his account to them for the same in the following form for allowance:

"The Estate of John Hamilton, Dr.

To William H. McKinney, for money loaned to said Hamilton on the second day of September, 1878, with interest at 7 per cent. from date of loan.

Said loan having been made on a promissory note bearing date September 2, 1878, and signed by John Hamilton, which said note the said McKinney is not at present able to present. We claim to be due from estate, October 20, 1881, $574.65.                         W. H. McKinney,
          By Morse, Wilson & Trowbridge, Attorneys.

The note being the same one presented to commissioners by Mrs. Curtis, and which note we claim is now owned by said McKinney and not by Mrs. Curtis.

| | | |
|---|---:|---:|
| Amount | $500 | 00 |
| Two years' interest | 70 | 00 |
| One month | 2 | 91 |
| Eighteen days | 1 | 45 |
| | | 29 |
| Due October 20 | $574 | 65 |

Claim endorsed on back as follows:

"Claim against estate of John Hamilton. Due, $574.65. Filed August 22, 1881.

Disallowed on the ground that the question of ownership of the said note is one that we have no right or jurisdiction to decide.

January 9, 1882.                         W. D. Arnold,
                         Ch. Bd. Commissioners."

Mrs. Curtis also presented the note to the commissioners for allowance in her favor, and it was allowed to her at the sum of $582.40. An appeal was taken from the decision of the commissioners in both cases to the circuit court of Ionia county. A trial was had before a jury, in the plaintiff's case, and the decision of the commissioners was affirmed under a verdict directed by the circuit judge; and the case comes before us on error.

The validity of the note, and that it was an unpaid outstanding claim against the estate, was not disputed. The note itself was before the court and offered in evidence upon the trial by plaintiff's counsel. The issue presented to the court was a common-law one, in which it was entirely competent for the plaintiff to show his ownership of the note, if he could, and the amount due upon it. This the circuit court erroneously refused to allow him to do. There was no difficulty about the possession or control of the note when it was before the court. The court could direct its custody in such a manner that neither party should be prejudiced by it, or for the want of it. The manner in which the possession of the note was obtained by Mrs. Curtis is not commendable, admitting what the record shows, to be true. Neither can the pendency of her suit for the allowance to her interfere with the just disposition of plaintiff's claim; her rights still remain undetermined, under the stipulation of the attorneys for the parties and her attorneys. She claims to be a creditor of the estate as well as the plaintiff, and this gives her the right of contest, and if the plaintiff's claim to the note is established in this case, that will necessarily dispose of the rights she sets up to the money due on the note.

There can be no danger of double liability of the estate should the plaintiff succeed in his case. The stipulation of the attorneys of Mrs. Curtis and the plaintiff is to the effect that the claim of Mrs. Curtis shall abide the result of the proceedings in this case; but if this were not so, the right of the estate to interplead still remains, and is a perfect barrier against the double liability suggested. I fail to discover any reason, legal or equitable, why the plaintiff should not

be permitted to show his ownership of the claim he makes against the estate and the extent of the same, in this proceeding. The note was long past due when presented for allowance, and even if the plaintiff did not have possession and control of the note on the hearing before the commissioners, there were the rights of no bona fide holder to intervene.

The record shows that Mrs. Curtis obtained the custody of the note by wrong. It was retained by her, as well as taken, against the will and consent of the plaintiff, and it was his right to reclaim it in such manner as he chose without committing a misdemeanor in so doing. This he did, and offered it in evidence upon the trial.

Prima facie, certainly (if it were necessary he should have the possession before allowance could be had), the plaintiff had it. I do not think, however, any such strictness of proofs in cases of this kind is required to secure the allowance of a claim upon a note past due, before commissioners on an estate. The object of the statute was to expedite the ascertainment of the claims against the estate, and to enable the administrator to safely make payment thereof. No judgment in these cases is entered for the recovery of the amount claimed, but only that it be allowed. While the commissioners are in no strict sense a court, still, in allowing the claims of a creditor, they act judicially and the parties litigating are bound thereby. They are not permanent organizations for the administration of justice. They are appointed to act in a single case, and not generally. Their appointment is temporary, and when they have acted in a given case, their powers cease. And while, as in this case, a common-law issue is presented on an appeal at the circuit, still no common-law judgment can be rendered. The circuit court can only do what the commissioners ought to have done, but can give no other judgment upon the claim than the commissioners might have given.

I am unable to agree with my brethren that the rule contended for by them should be applied in a proceeding of this kind, and very much doubt whether any good result can come from its application, even in a legal proceeding directly

for the enforcement of the collection of the moneys due on a note, when a third party has obtained possession of the note after due, without consideration and wrongfully. I can see no reason for apprehension of the dangers pointed out by my brother Campbell, if the plaintiff is allowed his claim, if he can make his proofs of ownership of the same, though an intruder may have acquired and at the time holds a wrongful possession of the note.

I think the judgment should be reversed and a new trial ordered.