WARREN M. HOIL v. GEORGE W. RATHBONE.

*Bills and notes—Possession by adverse claimant—Right of recovery
—Lost instrument.*

1. The right of the payee in a note payable to his order, and unin-
dorsed by him, to recover in a suit against the maker, could
not be defeated at the common law by the fact that the note
was in the possession of a third person.[1]
2. Where, in such a case, the plaintiff is required to furnish indem-
nity, and does so before the close of the case, the defendant
is fully protected, and it is no hardship to him to treat the
note as a lost note, within the statute.

Error to Oakland. (Moore, J.) Argued November 15,
1893. Decided January 5, 1894.

*Assumpsit.* Defendant brings error. Affirmed. The facts
are stated in the opinion.

*Aaron Perry,* for appellant.

*Elliot R. Willcox,* for plaintiff.

MONTGOMERY, J. . Action was brought in the court below
upon a promissory note given by the defendant, payable.
to the plaintiff or order. The defense set up was that the
plaintiff was not the owner or holder of the note at the
time the suit was begun, but that the same was owned
and held by plaintiff's wife, Eva Hoil, who is the defend-
ant's daughter. Trial was had before a jury, and they
found specially—

1. That the note was never indorsed by Warren M. Hoil.
2. That the plaintiff was the owner of the note.
3. That, at the time of the commencement of the suit,

[1] See note to *Butler v. Joyce,* 16 L. R. A. 205, as to "Right of
action at law on lost negotiable paper."

the note was in the possession of Eva Hoil, plaintiff's wife, who claimed to be the owner.

The plaintiff offered testimony tending to show that he kept the note in a commode drawer in his sleeping room, and that it was taken from this drawer, and had not since been recovered by him. The further testimony tended to show that the note was taken by his wife, who is the daughter of the defendant, and who left · the plaintiff's home, and returned to live with defendant.

1. There are numerous assignments of error, the first relating to the refusal of the court to permit further cross-examination of the plaintiff, which, it is claimed, would have shown that the note was in the possession of Mrs. Hoil; second, that the proofs of the loss of the note were not sufficient, at the time parol evidence of its contents was received to justify its introduction; and, third, that the court erred in instructing the jury that it was a question of law whether the note was lost. ·

We think plaintiff's testimony was sufficient to justify the court in receiving evidence of the contents of the note; and the other assignments of error become immaterial if, as a matter of law, the plaintiff was entitled to recover upon the note, notwithstanding the fact that it was in the possession of Eva Hoil, the defendant himself having introduced testimony tending to show this fact, and contended all the way through the case that such was the fact.

2. It is strenuously insisted by the defendant that, until the note is delivered up to be canceled, the plaintiff is not entitled to maintain an action upon it; and the case of McKinney v. Hamilton Estate, 53 Mich. 497, is relied upon as authority to sustain this contention. In that case the instrument was a negotiable instrument, which was said by the Court to be in the possession of another person, claiming title to it, and having the usual marks of owner-

ship. The proceeding was a claim against an estate, and the one in whose possession the note was had also presented a claim against the estate, upon the same instrument, for an allowance. The Court, by Mr. Justice CAMPBELL, said:

" The rule has always been settled that a person who seeks to recover on such a written agreement as to the one involved here must be prepared to produce it and have it before the court on the trial, so as to be properly marked and impounded, if necessary, and indentified with the judgment, and delivered up if satisfied. This rule had no exceptions, unless, by the order of a court of equity, on full indemnification, the owner who had lost it should be permitted to sue without its production. Our statutes have supplied a similar remedy in the same suit; but unless a plaintiff sues as on a lost note, and brings himself within the exemption afforded by equity or by the statute, the rule is fixed."

As applied to the facts of that case, the rule stated is unquestionably correct, and in accord with authority. But the limit of the reasons should be the limit of the rule. Accordingly, at the common law, the plaintiff was not required to furnish indemnity when the note was not negotiable, or when payable to order and unindorsed. See Daniel, Neg. Inst. §§ 1481, 1482, and cases cited; *Bank v. Brown*, 45 Ohio St. 39; *Hopkins v. Adams*, 20 Vt. 407; *Bank v. Tillman*, 12 Ala. 214; *Rogers v. Miller*, 4 Scam. 333; *Dean v. Speakman*, 7 Blackf. 317; *Moore v. Fall*, 42 Me. 450; *Price v. Dunlap*, 5 Cal. 483. The same reason which forbids recovery on a lost negotiable note is that which prevents recovery on a note which the plaintiff shows himself, for any other reason, unable to produce. The result to the defendant is precisely the same in either case. If the note be thereafter produced, he may be subject to suit, and the *prima facie* right is in the holder. But this is not true of the failure to produce an unnegotiable note, or one payable to plaintiff's order, and not indorsed. There is no presumption of any title in a third person, either if

its loss be shown, or if it be shown that the plaintiff is still the owner, and the note in the manual custody of another, not invested with the *indicia* of ownership. There is no greater probability of perjury in the one case than in the other.

In the present case the plaintiff was required to furnish indemnity, and did so. The defendant is fully protected, and it is no hardship to him to treat the note as a lost note, within the statute.

As we have pointed out, we think, at the common law, plaintiff's recovery could not be defeated by the fact that the note was in the possession of another person.

The judgment will be affirmed.

The other Justices concurred.