## WUERTH *v.* FROHLICH.

1. EVIDENCE—BEST EVIDENCE RULE.
    It is general rule that best evidence obtainable should be introduced.

2. SAME—BEST EVIDENCE RULE EXPRESSLY APPLICABLE TO DOCU-MENTARY EVIDENCE.
    Rule that best evidence obtainable should be introduced is expressly applicable to documentary evidence, as to which original must be produced if possible.

3. DISCOVERY—PRODUCTION OF DOCUMENT MAY BE COMPELLED.
    If document is in hands of opposite party and is necessary to enable party to prepare for trial, its production may be enforced by order of court.

4. WITNESSES—PRODUCTION OF DOCUMENT MAY BE COMPELLED.
    On trial production of documentary evidence may be compelled by subpœna *duces tecum.*

5. TRIAL—DOCUMENTARY EVIDENCE IS PART OF RECORD.
    Note sued on and produced in evidence became part of record and should not have been removed therefrom without order of court; removal without order being criminal offense (3 Comp. Laws 1915, § 15079).

6. BILLS AND NOTES—MAKER ENTITLED TO SURRENDER OF NOTE SUED ON.
    Maker of note against whom holder has obtained judgment is entitled to decree compelling holder, who took note from record, to surrender it to court.

Appeal from Washtenaw; Sample (George W.), J. Submitted June 6, 1930. (Docket No. 46, Calendar No. 35,027.) Decided October 3, 1930.

Bill by J. Fred Wuerth against Edward Frohlich and another to enjoin collection of a judgment and to compel return of promissory note sued on. From

On right to maintain bill of discovery in aid of pending or intended suit, generally, see L. R. A. 1918C, 593.

decree for plaintiff, defendant Frohlich appeals. Modified and affirmed.

*William M. Laird,* for plaintiff.

*Frank B. Ferguson (R. Wendell Brown,* of counsel), for defendant Frohlich.

POTTER, J. Plaintiff sued defendants to enjoin the collection of a judgment obtained by defendant Frohlich against plaintiff, to compel the surrender and delivery up of the promissory note sued upon, and for other relief. From a decree for plaintiff, defendant Frohlich appeals. Frohlich obtained a judgment on a promissory note against plaintiff. The note sued upon was defended upon the ground of forgery. The note was introduced in evidence in the lawsuit as an exhibit. It was, after judgment, taken and held by defendant Frohlich, who refuses to surrender the same. Frohlich's attorney filed a proposed taxed bill of costs with the county clerk. It included fees for a so-called handwriting expert, which fees were objected to by counsel for defendant there, who is plaintiff here. Such proposed costs were taxed by the clerk although they were illegal. Act No. 404, Pub. Acts 1919, provides:

"No expert witness shall be paid, or receive as compensation in any given case for his services as such, a sum in excess of the ordinary witness fees provided by law, unless the court before whom such witness is to appear, or has appeared, awards a larger sum, which sum may be taxed as a part of the taxable costs in the case. Any such witness who shall directly or indirectly receive a larger amount than such award, and any person who shall pay such witness a larger sum than such award, shall be guilty of contempt of court, and on conviction thereof be punished accordingly."

The defendant Frohlich, being liable for contempt if he collected and paid to the expert witness such fees so taxed, in order to save such proceedings and penalty on his part, and on the part of plaintiff who was defendant in that suit to obtain a reduction in the expert witness fees taxed as costs to the legal amount, the attorneys for the respective parties agreed to a reduction of the fees of the expert to the legal amount which defendant Frohlich as plaintiff in the lawsuit was entitled to tax. Plaintiff herein paid into court the amount of the judgment rendered against him in favor of Frohlich, plus the costs as agreed upon between the attorneys for the respective parties without interest. Frohlich did not pay his attorneys in the lawsuit and they filed a lien on the judgment obtained by him against the plaintiff and gave plaintiff notice thereof. On the same day defendant Frohlich, as judgment plaintiff in the lawsuit, obtained from the clerk of the court an execution for the full amount of the judgment, including the costs taxed illegally for excessive expert witness fees, and placed the same in the hands of the defendant Wurster as sheriff of Washtenaw county for collection, who threatened to collect the same, whereupon the bill was filed in this case, and upon trial a decree was entered requiring defendant Frohlich to surrender the promissory note sued upon or be enjoined from collecting the judgment and the costs agreed to be taxed.

It is the general rule that the best evidence obtainable should be introduced. This rule is expressly, if not solely, applicable to documentary evidence as to which the original must be produced if possible.

"If belonging in private hands it must be introduced in evidence, unless lost or otherwise beyond

the power of parties to prove it except by secondary evidence.'' *Bradley* v. *Silsbee,* 33 Mich. 328.

If the document is in the hands of the opposite party and is necessary to enable a party to prepare for trial, its production may be enforced by the order of the court. *People, ex rel. Cummer,* v. *Kent Circuit Judge,* 38 Mich. 351; *Germania Fire Ins. Co.* v. *Newaygo Circuit Judge,* 41 Mich. 258. And on the trial the production of documentary evidence may be compelled by a subpœna *duces tecum.* When produced and introduced in evidence, the promissory note in question became a part of the record in the case (*Barnes* v. *Mowry,* 129 Ind. 568 [28 N. E. 535]) ; and should not have been removed therefrom without an order of the court. *Lamb* v. *Hinman,* 46 Mich. 112. Its removal from the records and files of the case without an order of the court was a criminal offense. 3 Comp. Laws 1915, § 15079.

The principal question involved is whether plaintiff here is entitled to the surrender of the promissory note sued upon and placed in judgment. Such note might be useful to him in case of contemplated criminal prosecution for fraud or perjury and independent of the rights of plaintiff, defendant Frohlich cannot take plaintiff's money and keep plaintiff's promissory note.

In *McKinney* v. *Hamilton's Estate,* 53 Mich. 497, it is said:

''The rule has always been settled that a person who seeks to recover on such a written agreement as the one involved here must be prepared to produce it and have it before the court on the trial so as to be properly marked and impounded, if necessary, and identified with the judgment and delivered up if satisfied. This rule had no exceptions unless by the order of a court of equity, on full indemnification the

owner who had lost it should be permitted to sue without its production. Our statutes have supplied a similar remedy in the same suit. But unless a plaintiff sues as on a lost note, and brings himself within the exemption afforded by equity or by the statute, the rule is fixed.

"It is not a rule of technicality but of justice, and no case presents a fuller illustration of it than the present. There are two rival claimants for this note, and both sue. There is no legal method of settling the mutual rights of the several claimants in this controversy. The holder of the note, having the legal title, as it appears on its face, must recover unless defendant can show she does not own it, and of this showing the jury must be satisfied. Another jury, at the suit of this plaintiff, might take a different view of the case as presented to them, and give a second judgment against the estate."

In *Hoil* v. *Rathbone,* 98 Mich. 323, after quoting with approval the language of the court in *McKinney* v. *Hamilton's Estate, supra,* it is said:

"As applied to the facts of that case, the rule stated is unquestionably correct, and in accord with authority. But the limit of the reasons should be the limit of the rule. Accordingly, at the common law, the plaintiff was not required to furnish indemnity when the note was not negotiable, or when payable to order and unindorsed. See Daniel, Neg. Inst. §§ 1481, 1482, and cases cited; *Citizens' Nat'l Bank* v. *Brown,* 45 Ohio St. 39 (11 N. E. 799, 4 Am. St. Rep. 526); *Hopkins* v. *Adams,* 20 Vt. 407; *Branch Bank at Mobile* v. *Tillman,* 12 Ala. 214; *Rogers* v. *Miller,* 4 Scam. (5 Ill.) 333; *Dean* v. *Speakman,* 7 Blackf. (Ind.) 317; *Moore* v. *Fall,* 42 Me. 450 (66 Am. Dec. 297); *Price* v. *Dunlap,* 5 Cal. 483. The same reason which forbids recovery on a lost negotiable note is that which prevents recovery on a note which the plaintiff shows himself, for any other rea-

son, unable to produce. The result to the defendant is precisely the same in either case. If the note be thereafter produced, he may be subject to suit, and the *prima facie* right is in the holder. But this is not true of the failure to produce an unnegotiable note, or one payable to plaintiff's order, and not indorsed.''

In *Coon* v. *Dennis,* 111 Mich. 450, it is said:

''*McKinney* v. *Hamilton's Estate* did not present the question whether the maker of a note, having notice of the claim of the true owner, could defend against one in possession of the note, and *prima facie* entitled to recover upon it; but the question was whether, in an action at law, the true owner could, without production of the note, recover, and it was held that one, even though he be the true owner, could not demand payment and recover without the delivery of the note.''

We think the rule of these cases governs in this case and that plaintiff is entitled to a decree compelling defendant to surrender the promissory note sued upon in the lawsuit to the court to abide its order as a condition precedent to the collection of the judgment held by him against plaintiff; to accept the amount tendered by plaintiff in full payment thereof, less the amount of the lien of defendant's former attorneys when and if it is determined they have such lien, and enjoining further proceedings on said judgment on his part to collect the same until compliance herewith. Such decree will be entered without costs of this court to either party.

Wiest, C. J., and Butzel, Clark, McDonald, and Fead, JJ., concurred. North, J., concurred in the result. Sharpe, J., did not sit.