## ASHBAUGH *v.* HACKETT.

1. EVIDENCE—BEST EVIDENCE RULE APPLICABLE TO DOCUMENTARY
   EVIDENCE—PROOF OF LOSS OF ORIGINAL.
   > The best evidence rule requires that the original of an instrument be produced if possible and that secondary evidence is not admissible without proof that the original is lost or otherwise beyond the power of the party to produce it.

2. MORTGAGES—ADMISSION OF PHOTOSTATIC COPY IN ACTION FOR
   DEFICIENCY.
   > In action to recover deficiency after mortgage foreclosure sale, brought by assignee of mortgagee, wherein defendant denied execution of the note and mortgage, upon showing made of loss of original mortgage, introduction of photostatic evidence of the mortgage, certified by the register of deeds of county in which the land was located, was admissible (3 Comp. Laws 1929, §§ 14173–14175).

3. LOST INSTRUMENTS—QUESTION OF LOSS FOR TRIAL JUDGE.
   > The question of the loss or inability to produce the original document in an action for deficiency after foreclosure of a mortgage is not one for the jury but is a question to be determined by the trial judge.

4. APPEAL  AND  ERROR—MORTGAGES—FORECLOSURE—DEFICIENCY—
   UNCONSTITUTIONAL STATUTES—HARMLESS ERROR.
   > In action against mortgagor for deficiency after foreclosure and sale wherein, after jury had found for plaintiff on issue of execution of the instruments and jury was discharged, court's determination of value of the property in apparent reliance upon statutory provision which had theretofore been declared unconstitutional, all without objection interposed in either the trial court or on appeal and without harmful result having followed from such acquiescence, was not reversible error (Act No. 143, § 1, Pub. Acts 1937).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 6, 1946. (Docket No. 24, Calendar No. 42,843.) Decided October 7, 1946. Rehearing denied December 2, 1946.

Assumpsit by Murray M. Ashbaugh, receiver of the First National Bank of Birmingham against Norma C. Hackett to recover mortgage deficiency. Plaintiffs interest assigned to W. B. Kramar. Judgment for plaintiff. Defendant appeals. Affirmed.

*John D. Lynch* and *George H. Kretzschmar,* for plaintiff.

*Norma C. Hackett, in pro. per.* (*Meyer Weisenfeld,* of counsel), for defendant.

BOYLES, J. This is an action originally instituted by Murray M. Ashbaugh, receiver of the First National Bank of Birmingham, to recover a deficiency on a mortgage foreclosure against defendant, Norma C. Hackett. The mortgage, dated January 9, 1931, covers lands situate in Oakland county, and secures an indebtedness evidenced by a promissory note of the same date in the sum of $6,000. The mortgage was recorded in the register of deed's office of Oakland county on February 26, 1931, and ran to William U. Clark and Leone G. Clark, his wife. On April 1, 1931, the Clarks sold and assigned the mortgage to the First National Bank of Birmingham, which assignment was recorded on April 2, 1931.

On January 15, 1942, Ashbaugh, as receiver of the bank, assigned the note and mortgage to W. B. Kramar, reciting in the assignment that Mrs. Hackett was indebted to the bank in the sum of $9,414.55, as of August 27, 1941.

Mrs. Hackett denied liability, claiming that she never executed the note and mortgage. On the is-

sues thus framed, a trial was begun before a jury on April 12, 1943. Mrs. Hackett when called for cross-examination again denied the execution of the instruments. Receiver Ashbaugh testified that he at one time discussed the matter with Mrs. Hackett in the presence of a representative of the comptroller of the currency and that, while she at first denied signing the note and mortgage, she later admitted that it was her signature thereon. Ashbaugh further testified that the original bank files had been destroyed and that he had no idea of the whereabouts of the original mortgage. With this foundation, plaintiff then offered in evidence a photostatic copy of the mortgage, certified by the register of deeds for Oakland county, as having been taken from liber 668, mortgages, pages 665 to 666. Defendant's counsel objected to the admission of the photostatic copy and the court sustained the objection pending further inquiry as to the location and existence of the original mortgage. In the meanwhile a handwriting expert testified as to the signature of Mrs. Hackett. Ashbaugh was later recalled and testified that he had again made a diligent search and was unable to locate the original instrument. The photostatic copy was again offered, the same objection was made, and the court declined to receive it. Plaintiff then rested and the defendant moved to enter an order directing a verdict of no cause of action. In the discussion on the motion, counsel for plaintiff insisted that the court was in error in excluding the copy and directed the court's attention to 3 Comp. Laws 1929, § 14175 (Stat. Ann. § 27.870), in support of his argument. The record then shows that the jury was returned to the courtroom, and the court stated:

"During your absence we have had a discussion with respect to the admissibility in evidence of the

proposed exhibit 7, and the Court has now ruled that it may be received in evidence."

Ashbaugh was recalled and testified further, and the handwriting expert also repeated his testimony. Mrs. Hackett then testified at length in rebuttal, still denying the genuineness of her signature.

The only question submitted to the jury was whether or not Mrs. Hackett had signed the note and mortgage. On this phase of the case the jury, on April 15, 1943, rendered a verdict in favor of plaintiff and against the defendant, "finding that the signature on note and mortgage was the signature of the defendant."

Following the verdict of the jury as to the signature, the trial judge took proofs as to the value of the real estate at the time of the mortgage foreclosure and heard arguments of counsel thereon. The testimony shows that at foreclosure sale the property was sold for $650. The trial judge concluded, however, as indicated in the opinion filed when a motion for new trial was denied, that the amount bid was inadequate and he therefore reduced the plaintiff's damages. Judgment was entered in the sum of $7,252.51.

On appeal, defendant appears in her own person and argues that the court erred in permitting the introduction of the photostatic copy and in receiving the testimony of a handwriting expert thereon. She also contends that the court erred in admitting the assignment of the mortgage and in denying her motions for a directed verdict and for a new trial.

The controlling question is whether, under the circumstances disclosed in this record as to the inability to produce the original mortgage, a photostatic copy thereof, certified by the register of deeds of Oakland county, was admissible.

The general rule is well recognized that the best evidence is the original instrument, *Wuerth* v. *Frohlich,* 251 Mich. 701, and that secondary evidence is not admissible without proof that the original is lost or otherwise beyond the power of the party to produce it, *Paul* v. *University Motor Sales Co.,* 283 Mich. 587. There is ample proof in this record to justify the admission of secondary evidence because of the inability to produce the original document. The question of the loss or inability to produce the original document is not one for the jury, but is a question to be determined by the trial judge. *Thomson* v. *Railroad Co.,* 131 Mich. 95, and *Gelder* v. *Welsh,* 169 Mich. 490.

It would be sufficient to hold that the trial judge properly admitted the photostatic copy of the mortgage. However, the legislature has spoken on the subject and the court had before it not only the statute cited by defendant's counsel hereinbefore noted, but also the companion statute, 3 Comp. Laws 1929, § 14174 (Stat. Ann. § 27.869), which reads:

"All conveyances and other instruments authorized by law to be filed or recorded, and which shall be acknowledged or proved according to law, and if the same shall have been filed or recorded, the record, or a transcript of the record, or a copy of the instrument on file certified by the officer in whose office the same may have been filed or recorded, may be read in evidence in any court within this State without further proof thereof; but the effect of such evidence may be rebutted by other competent testimony."

See, also, 3 Comp. Laws 1929, § 14173 (Stat. Ann. § 27.867).

Rebuttal testimony was received as indicated by the statute and the jury weighed the testimony that was so produced. Under the authorities cited and

the statute quoted the photostatic copy of the mortgage was properly received in evidence.

The trial court in discharging the jury and determining the value of the property without the jury evidently relied on a provision in Act No. 143, § 1, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 14444-21, Stat. Ann. 1946 Cum. Supp. § 27.1335), as follows: "Provided, That such issue shall be determined by the court without a jury." The trial court obviously overlooked the fact that this proviso has been declared unconstitutional. *Guardian Depositors Corporation* v. *Darmstaetter,* 290 Mich. 445. However, no objection was raised before the trial court as to the practice thus adopted, no such issue is raised here, no harmful result has followed, and the parties have acquiesced in such procedure.

We find no reversible error in the trial and the judgment entered upon the jury's verdict and the court's finding is affirmed. Costs to appellee.

BUTZEL, C. J., and CARR, SHARPE, REID, NORTH, and DETHMERS, JJ., concurred. BUSHNELL, J., did not sit.