## GARFIELD M. & M. CO., respondent, *v.* HAMMER ET AL., appellants.

MINING CLAIM — *Location — Right of possession.* — The right to the possession of a mining claim is derived only from a valid location; consequently if there be no location there can be no possession under it. A location is not made by taking possession alone, but by marking on the ground, recording and doing whatever else is required for that purpose by the acts of congress and the local laws and regulations.

SAME — *Plaintiff must prove valid location — Forfeiture.* — In an action to quiet title to a mining claim, where the plaintiff's ownership and right to the possession are put in issue by the answer, it devolves upon him to show affirmatively upon the trial that he had complied fully with all the requirements of the act of congress. and the local rules and regulations relative to the location of mining claims, and had made a valid location. An instruction, however, to the contrary, is not a prejudicial error, if the defendant did not introduce any evidence

tending to invalidate the plaintiff's location, and relied simply upon an alleged forfeiture.

SAME — *Locators presumed to be citizens.*— In the absence of evidence to the contrary, the locators of a mining claim will be presumed to be citizens of the United States, or to have declared their intention to become such.

SAME — *Description of claim in notice.*— A notice of location of a mining claim which describes it by metes and bounds, and as being a certain number of feet south from a well-known quartz location, sufficiently complies with the requirements of the act of congress as to the description.

NEW TRIAL — *Cumulative evidence.*— A new trial will not be granted on the ground of newly-discovered evidence, if the same be merely cumulative.

CERTIFIED COPIES OF RECORDED DOCUMENTS ADMISSIBLE IN EVIDENCE.— Under the statutes of Montana, certified copies of the certificate of incorporation of a corporation, of the declaratory statement under oath of the locators of a mining claim, and of deeds, are admissible in evidence, without first accounting for the original.

EVIDENCE — *Expert testimony — Opinion as to work on mine.*— A witness, not shown to be a mining expert, can only testify as to facts, and it is the province of the jury to weigh such evidence.

FOREIGN CORPORATIONS ARE NOT PROHIBITED FROM DOING BUSINESS in Montana.

*Appeal from a Judgment of Third District, Lewis and Clarke County.*

THE opinion states the facts.

E. W. & J. K. TOOLE, for the appellants.

1. Foreign corporations have no legal existence in any state or territory other than that of their creation. *Bank of Augusta* v. *Earle*, 13 Pet. (U. S.) 538.

2. Legislatures of other states or territories may exclude them altogether from doing business within their limits, or impose such conditions or qualifications as they may see proper before permitting them to exercise any rights therein. 18 How. 407; 10 Wall. 400–410; 8 Wall. 168; Cooley on Stat. Lim. p. 285.

3. It is for the courts to say whether from the whole statute the legislature intended to impose these conditions or

qualifications upon such corporation as a condition precedent. *Lester* v. *Howard Bank,* 33 Md. 558; 3 Saw. 218, 219. .

4. On general principles of interpretation, such construction will be given as will enable all provisions of the statute to stand. Effect in this case should be given to both sections 46 and 47. *Panghburn* v. *Westlake,* 36 Iowa, 546.

5. When prohibitions are prescribed and a penalty attached, it must appear that the law only intended a penalty before the court will refuse to give effect to the prohibitory clause. 33 Md. 558; 55 Ill. 85; 4 Col. 369; 8 Wall. 168, 180; 10 Nev. 47, 386; 13 Pet. (U. S.) 538; 1 Blatchf. 628; 4 id. 120; 5 id. 387; 6 Or. 431.

6. The only penalty in the law is a prohibition from doing or carrying on any business in the territory without filing the paper required. This penalty amounts to prohibition. Plaintiff could neither acquire property nor sue to protect it, as both are necessary to transact business. 6 Vt. 219; 12 Met. 24; 4 Cush. 322; 13 Met. 284; 1 Black (U. S.), 286.

The court, in cases where its judgments *ipso facto* entitle the party in whose favor it is rendered to a patent, will hold him to the identical proof required in the laws. This would include affirmative proof of citizenship, and boundaries by permanent monuments.

The court below erred in admitting copies of certain deeds and other papers without accounting for the absence of originals.

SANDERS, CULLEN & SANDERS, for the respondents.

1. A corporation can maintain or defend a suit outside the jurisdiction which created it only by comity, but in absence of any inhibition it may maintain an action the same as a natural person. 4 Abb. N. C. 378; 12 N. Y. 569; 4 Ill. 236; 17 Mass. 97; 5 Wend. 483; Wood's Field on Corp. sec. 329.

2. There is no dispute as to the *locus in quo.* In case of

corporations formed under the laws of any state, that fact establishes citizenship.    U. S. R. S. sec. 2321.

3. A deed may be proved by the original, the record or a certified copy.  Abb. Trial Ev. p. 693, and cases cited; 8 Pet. 30; 17 Wend. 338; 20 Wend. 427; Wharton on Ev. p. 111; R. S. of Mont. sec. 394, p. 490.

4. The pretended newly-discovered testimony was only cumulative.    1 Mont. 111.

5. Not only must error be shown but that the party suffered thereby.    2 Mont. 567.

6. This is a special action brought under section 2326, United States Revised Statutes, to determine the question to the right of possession.

If plaintiff had done the necessary amount of work on the claim in 1882 as found by the jury, the location of defendants was void.

GALBRAITH, J.   This is an appeal from an order overruling a motion for a new trial.    The action was to quiet title. A trial by a jury was had between the respondent and the appellant Hammer.   The pleadings, so far as they were concerned, were in substance as follows: The complaint alleged that the respondent "is a body politic and corporate," organized under the laws of the state of New York, for the purpose of mining and milling ores containing the precious metals in Montana territory, and that it has complied with the laws of that territory in relation to foreign corporations.   That it is the owner of a certain quartz lode mining claim, situate in "Vaughn (unorganized) Mining District" in the county of Lewis and Clarke, territory of Montana, called the Garfield lode or mining claim.   That the respondent is now in the possession of the above claim, and that plaintiff and its predecessors in interest have been ever since the discovery and location of said claim, in possession of the same and entitled to be so in possession thereof.

That the appellant Hammer, on or about the 1st day of

January, 1883, assumed to enter upon said premises, and to relocate the same, and had the relocation recorded in the county of Lewis and Clarke as the Kinna lode, and thereby now claims an interest therein and the possession thereof adversely to the respondent, and has made application for a patent to the premises under the name of the Kinna lode. That the claim of the appellant is without any right whatever. That the respondent has filed its adverse claim in the land office, whereby proceedings will be stayed till the final determination of the right to the premises. The answer denies that the respondent ever was, or is, a body politic and corporate, or that it has duly complied with the laws of Montana territory relative to foreign corporations. Denies that the respondent is the owner of the premises, or that it is now, or ever was, in the possession thereof, or that it, or its predecessors in interest, have been ever since the discovery or location thereof, in possession of the same; or are, or were, entitled to such possession; or that he assumed to relocate the said premises, or caused any location thereof to be recorded as the Kinna lode, or that his claim is without right, or that he has not any estate, title, interest or right to the possession of said premises. The appellant then founds his claim to the premises by virtue of a location made on the 1st day of January, 1883, by the name of the Kinna lode, the premises being then vacant mineral lands of the United States; such location having been made in full compliance with the laws of congress and Montana territory by one Iver Wolfe.

That on the —— day of January, 1883, the appellant purchased the premises from Wolfe, and ever since the 1st day of January, 1883, the appellant and his predecessors in interest have been the owners, held possession, and duly represented said Kinna lode, and ever since said time this defendant has been, and now is entitled to the possession of the same. That whatever claim the respondent ever had, if any, to said premises, was forfeited prior to the 1st of January, 1883.

The reply denied all the affirmative allegations set forth in the answer.

Upon the trial the court instructed the jury as follows: "If you believe, from the evidence in the case, that prior to the 31st day of December, A. D. 1882, the plaintiff was in the quiet and undisputed possession of the premises designated in the complaint as the Garfield lode,— the validity of the original location of which is not questioned in the pleadings or testimony,— claimed by the defendant as the Kinna lode; that the boundaries of said claim were so marked upon the surface as to be readily traced; and that theretofore there had been discovered within said boundaries a vein or lode of quartz, or other rock in place, bearing gold, silver or other precious metals, then this constitutes a *prima facie* case for the plaintiff, which can only be overcome by the defendant by proof of subsequent abandonment or forfeiture, or other divestiture, and the acquisition of a better right or title by the defendant."

The above statement of the pleadings shows that the respondent claimed its right to a decree that the title and right to the possession of the premises be adjudged to be in it upon the allegations of ownership, possession and right of possession thereto, and that these allegations are denied by the answer.

The allegation of forfeiture in the answer is consistent with these denials.

The respondent does not claim the premises by virtue of a patent from the United States, but by virtue of a location made by its predecessors in interest. Now, although the courts of this territory, in determining the title to mining claims where there is a dispute in relation thereto in the land office, have adopted the forms of action by which title to land is tried, which may be either by the action of ejectment or to quiet title, yet the real question to be determined is, who is entitled to the patent from the United States government, to the mining claim in controversy; or, in other words, who has become the purchaser of the min-

ing claim and divested the title of the government thereto by complying with the requirements of the law of congress relative to acquiring title to mineral lands? The right to the possession of a mining claim comes only from a valid location; consequently, if there is no location there can be no possession under it. Location does not necessarily follow from possession, but possession from location. A location is not made by taking possession alone, but by marking on the ground, recording and doing whatever else is required for that purpose by the acts of congress and the local laws and regulations. *Belk* v. *Meagher*, 104 U. S. 279.

Therefore, when the respondent's claim of ownership and right to the possession were put in issue by the answer, it devolved upon the respondent to show affirmatively upon the trial that it had complied fully with all the requirements of the act of congress, and the local rules and regulations relative to the location of mining claims; that is, that it had made a valid location.

The above instruction, and others of the same tenor, took away from the jury the question of the validity of the original location made by the predecessors in interest of the respondent, and, so far as the pleadings were concerned, were clearly erroneous. The answer did properly put in issue the validity of the respondent's location.

Were these instructions prejudicial to the appellants? The record shows that the appellants did not introduce any evidence whatever tending to invalidate the respondent's location. The only evidence introduced by the appellants affecting the respondent's title was simply relative to the question of forfeiture. The uncontradicted evidence introduced by the respondent upon the trial relative to the location was as follows: "That the boundaries of said claim were clearly marked upon the surface by stakes set at the corners thereof and elsewhere on said boundaries, and that said boundaries could be readily traced; that there was discovered thereon a lode of quartz rock in place bearing

gold and silver, such vein having at least one well defined wall."

As to the question of citizenship: The oath attached to the certified copy of the location notice of the Garfield lode, by one of the locators, states that "he and his co-locator are citizens of the United States over the age of twenty-one years."

There is nothing in the record indicating that the locators and predecessors in interest of the respondent were not citizens of the United States, or had not declared their intention to become such. And, being natural persons, they will be presumed to be citizens of the United States until the contrary appears.

In *Cox* v. *Gulick*, 5 Halst. (N. J.), referred to in Phillips on Ev. vol. 1, page 556, Ford, J., held, in substance, that every man is presumed to be a citizen till the contrary be shown.

In *People ex rel. Smith* v. *Pease*, 27 N. Y. 45, which was an action in the nature of *quo warranto* to try title to an office, Davies, J., says: "So was that part of the charge correct in relation to the witness Rivinot, who testified that he was born in France and had voted, and there was no evidence tending to show that he had ever been naturalized. The judge in that case charged that the legal presumption was that he had been naturalized. No suggestion was made or evidence given, when the witness was on the stand, that he had not been naturalized. He had voted, and the presumption was that he had voted legally. It was not for the court to say, as matter of law, that the vote was illegal."

The citizenship of the respondent is established by the fact that it is a corporation formed under the laws of the state of New York. We think that the presumption that the locators and predecessors in interest of the respondent were citizens will protect its title to the property until it is affirmatively made to appear that they were not citizens or had not declared their intention to become such.

The recorded notice of location was in our opinion sufficient. The statutes of the United States require that this record should contain three things, which are requisite to its validity, viz.: "The name or names of the locators, the date of the location, and such a description of the claim or claims located by reference to some natural object or permanent monument as will identify the claim."

It is admitted by the appellant that this record does contain the first two requisites; and it is only claimed that it is defective in that it does not refer to some natural object or permanent monument which will identify the claim. It describes the location by metes and bounds as commencing at discovery stake, running fifty feet east to center stake; then three hundred feet north to stake "A;" thence fifteen hundred feet west to stake "B;" thence six hundred feet south to stake "C," and fifteen hundred feet east to stake "D," and three hundred feet north to place of commencement.

It then states that "this lode is located about fifteen hundred feet south of 'Vaughn's Little Jennie mine,' described and located on the 4th of July, 1880."

There was no objection made that the notice of location of the Garfield lode was not filed within twenty days from the discovery thereof, as required by the local law. There was nothing in the evidence indicating that the Little Jennie mine was not a well-known valid location at the time of the location of the Garfield lode. It will be presumed to be a well-known natural object or permanent monument until the contrary appears. Where a location is described by metes and bounds as in this notice, and is further described by being fifteen hundred feet south from a well-known quartz location, and there is nothing in the evidence to contradict such description, distance and direction, we think the ground claimed to be sufficiently identified to meet the above requirements of the act of congress. Besides, we have already said in substance that we cannot, by merely looking at the notice itself, say, without evidence

to the contrary, that the claim is not properly identified. Wade, C. J., in *Russell* v. *Chumasero*, 4 Mont. 309.

No objection having been made that the notice of location of the Garfield lode was not filed within twenty days after the discovery thereof, as required by the local law, such objection, if any, was waived. As will be seen hereafter, the certified copy of the declaratory statement or notice of location under oath of the Garfield lode was properly admitted in evidence. Every requisite, therefore, to a valid location of the Garfield lode was established by the respondent.

No evidence was introduced by the appellant tending to invalidate the respondent's location. The only evidence offered by him was in relation to the question of forfeiture, which was upon the ground that the amount of work required by law was not done for the year 1882. The respondent's location was not questioned, and forfeiture was the only issue made upon the trial.

The instruction complained of was, therefore, not prejudicial to the appellants. The plea of forfeiture was properly made by the appellants in their answer. And this being the only issue made upon the trial, the following instruction by the court below was correct except as to the pleadings, which, as we have said before, was not prejudicial:

"The right of the defendant to recover in this case depends upon the forfeiture, which he alleges took place, of plaintiff's right to the premises by reason of the failure of plaintiff to expend in labor or improvements upon the said Garfield lode the sum of one hundred dollars during the year 1882. The plaintiff being in possession under a location, the validity of which is not questioned, it became the duty of defendants to prove by a clear preponderance of testimony that there was a forfeiture, and unless they have so proved the same to your satisfaction, your verdict should be for the plaintiff."

The appellants claim that the court erred in refusing to grant a new trial on the ground of newly-discovered evi-

dence, which was that the witness McDonald, who testified to having done the work constituting the representation of the Garfield lode for 1882, had stated out of court and before the trial, in the presence and hearing of two witnesses, "that he did not perform but two days' work on said Garfield mine for 1882."

This newly-discovered evidence could only affect the credibility of the witness McDonald. There is also an affidavit by the witness McDonald contradicting the affidavit of the two witnesses, and asserting that he never made any such statement.

This newly-discovered testimony is cumulative. The record shows that the witnesses Orth and Arnold, called by the appellant, testified upon the trial to substantially the same thing as is stated in the affidavits relating to the newly-discovered evidence.

It is by no means clear that the newly-discovered evidence would have changed the result of the trial.

In *Levitsky* v. *Johnson*, 35 Cal. 41, it is said: " A party is presumed to know when he is ready for trial upon the main essential issues involved, and he cannot be allowed a new trial after having submitted his case upon such testimony as he thought proper to introduce in support of those issues of fact, by a showing that he had subsequently discovered additional pertinent evidence upon the same issue, unless it is clear that such evidence would have changed the result, and that the strictest diligence would not have enabled him to procure the same on the trial."

The granting of a new trial rests in the sound discretion of the court, and in refusing a new trial under the above circumstances we do not think the court abused its discretion. *Caruthers et al.* v. *Pemberton et al.* 1 Mont. 111.

It is claimed that the court erred in admitting certified copies of the certificate of incorporation of the respondent, of the declaratory statement under oath of the locators of the Garfield lode, and of the deeds showing title from them and the other predecessors in interest to the respondent.

In the case of *McKinstry* v. *Clark & Cameron*, 4 Mont. 370, a question arose as the admissibility of a certified copy of a declaratory statement; and in the opinion of the court if was said: "The law requires the discoverer to make and file in the office of the recorder his declaratory statement to be by him recorded." And section 384, article 4, fifth division of the general laws, is as follows, to wit: "Copies of all papers filed in the office of the recorder of deeds and transcripts from the books of record kept therein, certified by him under the seal of his office, shall be *prima facie* evidence in all cases."

And section 609, Civil Code: "There can be no evidence of the contents of a writing other than the writing itself, except in the following cases. . . .

"Paragraph 4.— When the original has been recorded and a certified copy is made evidence by this code or other statute."

And in further explanation, the second clause of the fifth subdivision provides that in the cases mentioned in subdivisions 3 and 4, a copy of the original or a certified copy must be produced.

Taking all these statutes together, the correct conclusion is, that either the one or the other is competent evidence to offer; and it was not error in the court below to admit the certified copy of location notice in evidence without first accounting for the original. The foregoing is also conclusive as to the second specification of error. By reference to the above case it will be seen that the second specification of error was: "Admitting certified copy of deed from Ford to Cameron."

The certified copy of the deed was also, therefore, properly admitted. The above language is also applicable to the certified copies of the certificate of respondent's incorporation.

It is objected that the court erred in refusing to allow the appellant to ask of a witness the following question:

"From the examination you made of the discovery shaft

in 1881, and in June, July and August, 1882, are you able to state whether you would have known it if any work had been done in said shaft?"

The answer to this question would simply have been an opinion by the witness as to whether or not work had been done in the shaft in June, 1882. The witness does not appear to have been a mining expert; and it was only competent to show by him the facts, such as the condition and appearance of the shaft at the respective times stated; and it was for the jury to determine from such facts whether or not work had been done.

The only other objection insisted upon is that the respondent had not filed in the proper office its certificate of incorporation. This question was considered by this court in the case of *King* v. *National M. and Exp. Co.* 4 Mont. 1, where it was determined that, under sections 46 and 47, p. 419, of codified statutes: "That foreign corporations are  .  .  . not prohibited from doing business in this territory." We are satisfied with that decision, and it is an answer to the above objection.

We see no error in this record which is prejudicial to the appellants.

*Judgment affirmed.*