## MANHATTAN MALTING COMPANY, RESPONDENT, *v.* SWETELAND, APPELLANT.

[Submitted July 31, 1893.   Decided March 26, 1894.]

EVIDENCE—*Lost instruments—Copies of record, when admissible.*—Section 264, division 5, of the Compiled Statutes, providing that an instrument or conveyance that is lost or not within the power of the party wishing to use the same may be proved by a copy certified by the recorder, being special in its character, controls section 839 of the Compiled Statutes, making certified copies of all papers filed in the office of the recorder *prima facie* evidence in all cases, which is a general statute, and, therefore, upon the proof of title in ejectment the admission in evidence of certified copies of conveyances, without proof of loss or inability to produce the originals, is error. (*Flick v. Gold Hill and Lee Mountain Min. Co.*, 8 Mont. 298, cited; *McKinstry v. Clark*, 4 Mont. 370; *Garfield M. & M. Co. v. Hammer*, 6 Mont. 53, reviewed and modified.)

*Appeal from Ninth Judicial District, Gallatin County.*

EJECTMENT.   The cause was tried before ARMSTRONG, J. Plaintiff had judgment below.   Reversed.

*Luce & Luce*, for Appellant.

The court erred in permitting the reading from the records of deeds by the witness Vaill, and in allowing the certified

copies to be filed, as the testimony showed the originals to be in the possession of the plaintiff at the time of trial. A copy of the record of any conveyance of real estate or the record itself cannot be used as evidence without proof of the loss of the original, or that it is not within the power of the party wishing to use the same. (Comp. Stats., § 264, p. 662.) Statutes prescribing forms of procedure or modes of proof must be strictly construed and pursued. (Sedgwick on Construction of Statutory and Constitutional Law, 275–78.) So, when the law prescribed the manner in which an act is to be done, it can be done in no other way. (Sutherland on Statutory Construction, §§ 326, 392, 393, and cases cited; §§ 454, 459, and cases cited.) It may be contended that section 839, page 868, of the Compiled Statutes allows a different procedure. This makes copies of records *"prima facie* evidence in all cases."  This is a general statute applying to all records and papers filed. The record of a conveyance of real estate only becomes evidence when the loss of the original is shown. It is still secondary evidence if *prima facie*, and must come within the exception. (Sutherland on Statutory Construction, §§ 326–28; *Booth* v. *Tiernan*, 109 U. S. 208; *Macy* v. *Goodwin*, 6 Cal. 580; *Fallon* v. *Dougherty*, 12 Cal. 105; *Reeding* v. *Mullen*, 31 Cal. 104; *Sebree* v. *Dorr*, 9 Wheat. 563.) The same doctrine has been announced by the supreme court of Montana in *Stapleton* v. *Pease*, 2 Mont. 550. The decision in *McKinstry* v. *Clark*, 4 Mont. 370, was based on the admissibility of a notice of location, and was followed in *Garfield M. & M. Co.* v. *Hammer*, 6 Mont. 64, without any distinction between deeds and location notices. The true rule is laid down in *Flick* v. *Gold Hill & L. M. M. Co.*, 8 Mont. 303, to wit: "We understand the true rule to be that, when the law requires a record of any instrument, the record itself is the best evidence of the facts therein stated" . . . . "but the rule itself is limited to such facts and instruments as by law are required to be of record." In other words, the record of a location notice is the best evidence of its contents, it being required to be made by law and filed in the recorder's office as the foundation of the right to possession of the claim. The original deed, however, is the best evidence of its contents, and the record thereof at best is only secondary evidence. Giving

to *Garfield* v. *Hammer*, 6 Mont. 64, and *McKinstry* v. *Clark*, 4 Mont. 370, the greatest possible weight, they amount merely to a construction of paragraph 4 of section 627 of the Code of Civil Procedure. That a certified copy can be used " when the original has been recorded, and a certified copy is made evidence by this code or other statute." A certified copy of a deed is only made evidence when the original cannot be procured. (Code Civ. Proc., § 264. See, also, *Touchard* v. *Keyes*, 21 Cal. 202–11; *Younge* v. *Guilbeau*, 3 Wall. 636; *Brooks* v. *Marbury*, 11 Wheat. 79, 82, 83; *Hensley* v. *Tarpey*, 7 Cal. 288.) "To introduce into a cause the copy of any paper, the truth of that copy must be established, and sufficient reasons for the nonproduction of the original must be shown." (C. J. Marshall, in *Smith* v. *Carrington*, 4 Cranch, 70.) The truthfulness of the copy is proved by certificate of the recorder under section 839 of the Code of Civil Procedure; the other facts must be shown by the party desiring to use the same.

*Hartman, Hartman & Staats*, for Respondent.

PEMBERTON, C. J.—This is a suit in ejectment, wherein plaintiff seeks to recover possession of lot 8, in block 20, of the town of Manhattan, in Gallatin county, and for the rents and damages for the wrongful withholding of the possession thereof by defendant. Defendant, in his answer, denies the material allegations of the complaint, and sets up an alleged equitable title to the property in dispute. Judgment was rendered in favor of the plaintiff. Defendant moved for new trial, which was refused. This appeal is from the judgment and order refusing a new trial.

In the trial of the case the court permitted the plaintiff to prove its title to the land in dispute by offering and using in evidence the records and certified copies of the patent from the government, and all the conveyances of its immediate and remote grantors, without any showing of the loss or inability on its part to produce the original of such patent and deeds. This was done over the objection of the defendant. This action of the court is the principal error assigned in this appeal.

Section 264, page 662, of the Compiled Statutes is as follows:

"When any such conveyance or instrument is acknowledged or proved, certified and recorded in the manner hereinafter prescribed, and it shall be shown to the court that such conveyance or instrument is lost, or not within the power of the party wishing to use the same, the record thereof, or the transcript of such record, certified by the recorder under the seal of his office, may be read in evidence without further proof."

Section 82 of 1 Greenleaf on Evidence, fifteenth edition, is as follows: "Best evidence required. A fourth rule which governs in the production of evidence is that which requires the best evidence of which the case in its nature is susceptible. This rule does not demand the greatest amount of evidence which can possibly be given of any fact, but its design is to prevent the introduction of any which, from the nature of the case, supposes that better evidence is in the possession of the party. It is adopted for the prevention of fraud; for when it is apparent that better evidence is withheld, it is fair to presume that the party had some sinister motive for not producing it, and that, if offered, his design would be frustrated. The rule thus becomes essential to the pure administration of justice. . . . . Thus a title by deed must be proved by the production of the deed itself, if it is within the power of the party, for this is the best evidence of which the case is susceptible; and its nonproduction would raise a presumption that it contained some matter of apparent defeasance."

In all cases when the law requires the evidence of a transaction to be in writing, no other proof can be substituted for that, as long as the writing exists, and is in the power of the party. (1 Greenleaf on Evidence, 15th ed., § 86. See, also, *Touchard* v. *Keyes*, 21 Cal. 202; *Younge* v. *Guilbeau*, 3 Wall. 636; *Marbury* v. *Brooks*, 11 Wheat. 79; *Smith* v. *Carrington*, 4 Cranch, 70.)

The respondent contends that this action of the court is justified on the authority of *McKinstry* v. *Clark*, 4 Mont. 370, and *Garfield etc. Mining Co.* v. *Hammer*, 6 Mont. 53. It will be observed upon examination that these cases are mining cases. The law requires that the discoverer of a mine shall record a certificate of his location. The recording of his certificate of location, as required by statute, is a *sine qua non* to acquiring

a perfect title to his claim.    The best evidence that an instrument has been recorded which the law requires to be recorded is the record itself.    These cases, it is true, are to the effect that certified copies of deeds may be admitted in evidence, without first showing the loss or inability to produce the original by the party wishing to use them.    These cases proceeded in this respect upon the theory that the general principles of evidence enunciated in the statutes of this state, and section 839, page 868, of the Compiled Statutes, which reads as follows: "Copies of all papers filed in the office of the recorder of deeds, and transcript from the books of record kept therein, certified by him under the seal of his office, shall be *prima facie* evidence in all cases," and which refers to the duties of the county clerk, controlled the question of the admissibility of such evidence.

The doctrine of these two cases is materially modified in *Flick* v. *Gold Hill etc. Mining Co.*, 8 Mont. 298, wherein the court says: "We understand the true rule to be that, when the law requires a record of any instrument, the record itself is the best evidence of the facts therein stated.    In *McKinstry* v. *Clark*, 4 Mont. 370, and *Garfield etc. Mining Co.* v. *Hammer*, 6 Mont. 53, the court seems to have overlooked or ignored the force and effect of section 264, page 662, of the Compiled Statutes.    This statute has special reference to the admissibility of the record or certified copy of a conveyance which has been lost, or which is not within the custody, power, or control of the party desiring to use it in evidence, and it specifically provides that such record or certified copy thereof may be used "when it shall be shown to the court that such conveyance or instrument has been lost, or not within the power of the party wishing to use the same."    The statute is special in its character, having reference to a special state of facts or condition. The rule in such cases is that a special statute shall control general statutes on the same subject.    Our statutes provide that, when a general and a particular provision are inconsistent, the latter is paramount to the former.    Compiled Statutes, section 631, page 225, *McKinstry* v. *Clark*, 4 Mont. 370, and *Garfield etc. Mining Co.* v. *Hammer*, 6 Mont. 53, involved in the main the construction of statutes relating to instruments which the law

required to be recorded. The law does not require deeds or conveyances to be recorded. The record of such instruments gives them no vitality. The record is simply a notice to the world. We think *McKinstry* v. *Clark*, 4 Mont. 370, and *Garfield etc. Mining Co.* v. *Hammer*, 6 Mont. 53, in so far as they hold that the record of conveyances, or certified copies thereof, are admissible in evidence, without first showing the loss of the originals, or that they are not within the power of the party wishing to use them in evidence, are in direct conflict with the laws of the state, not supported by the elementary principles of law, or the great mass of adjudications, and should therefore be, in that respect, modified.

The appellant also complains that the court did not determine or pass upon his rights under the alleged equitable defense set up in his answer. As the appellant did not insist upon this alleged defense, or offer any evidence in support thereof on the trial of the case, without passing upon the merits thereof, we are unable to find any error in the action of the court in this particular. There are other errors assigned, but, as the case must go back for new trial, we do not feel called upon to treat them now.

The judgment of the court is reversed, and the cause remanded for new trial.

*Reversed.*

HARWOOD, and DE WITT, JJ., concur.