# CHARLESTON.

J. S. THOMPSON, *Admr. v.* TURKEY GAP COAL & COKE CO.

(No. 5903)

Submitted September 13, 1927.    Decided September 20, 1927.

EVIDENCE—*Secondary Evidence of Contents of Writing is Permissible Only on Showing Original Cannot be Produced Within Reasonable Time and by Reasonable Diligence.*

> Secondary evidence of the contents of a writing is permissible only after it is shown that the original cannot be produced within a reasonable time by the exercise of reasonable diligence.

(Evidence, 22 C. J. § 1354.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mercer County.

Action by J. S. Thompson, administrator of James Early Bartee, deceased, against the Turkey Gap Coal & Coke Company. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Reynolds & Reynolds,* for plaintiff in error.

*Thomas F. Walker, E. Lee Trinkle* and *John Kee,* for defendant in error.

WOODS, JUDGE:

This action was instituted by the administrator of James Early Bartee in the circuit court of Mercer county to recover damages sustained by reason of injuries to the latter while in the alleged unlawful employment of the Turkey Gap Coal Company. A verdict was returned for plaintiff, and judgment entered thereon. From this judgment the coal company prosecutes error to this Court.

The declaration, after setting up the injury, resulting in the death of James Early Bartee, alleges that said Bartee was under the age of 16 years at the time of his employment

and also at the time of the accident; that he was unlawfully employed and unlawfully continued in said employment up to and including the time of said accident; that he was employed at the time of the accident and prior thereto, in the capacity of trapper, in said mine, charged with the duty, among other things, of opening and shutting doors and gates therein, to permit cars, trucks and motors to pass in and out of the mines, and that the plaintiff had sustained damages to the amount of $10,000 on account of the unlawful employment and death of decedent.

The main issues raised on the trial were whether the deceased was under sixteen years of age, and if so, whether he had the intelligence, knowledge and appreciation of dangers, and how to avoid them, of a boy over sixteen years of age. The statute (Chapter 15H, Sec. 72, Code) provides: "No child under the age of sixteen years shall be employed, permitted, or suffered, to work in any mine, quarry, tunnel or excavation." This action is based upon such unlawful employment, and such employment being the proximate cause of the minor's death, under our authorities. *Norman* v. *Coal Company*, 68 W. Va. 405; *Honaker* v. *Coal Company*, 71 W. Va. 177; *Blankenship* v. *Coal Company*, 69 W. Va. 74; *Dickenson* v. *Colliery Company*, 71 W. Va. 325; *Griffith* v. *Coal Company*, 75 W. Va. 686; *Mangus* v. *Coal Company*, 87 W. Va. 718; *Waldron* v. *Garland Coal Company*, 89 W. Va. 426.

Deceased's age was the pivotal question. During the course of plaintiff's evidence the mother testified concerning the birth of the child, and in support of her evidence introduced a family Bible, containing a list of her children and the date of birth. Error is claimed in permitting the introduction of the Bible record. As a general rule entries in a family record or Bible are admissible as evidence in the matter of pedigree in order to prove relationship and the date and fact of birth of a party. *Union Central Life Ins. Co.* v. *Pollard*, 94 Va. 146, 64 A. S. R. 715, 36 L. R. A. 271, 10 R. C. L. 1136. It is of the nature of a record, and, being produced from the proper custody, is itself evidence. In this case the value of the proffered Bible record as evidence

is dependent upon the integrity of an entry, respecting the date of birth of the child in question, made in another book soon after its birth, which in the language of the mother, was "something about Christ and Satan". This entry, along with the dates of the birth of her other children, was copied by the mother into the family Bible about six years prior to the accident. Referring to this original record, she stated: "I have it at home, I guess, yet. I guess it is there. * * * Yes, sir, I think it could be found there if some of the children have not taken it. If they have not some of them taken it, it is there yet." The record offered is secondary evidence, the book in which the original entries were recorded so far as a record is concerned, being the best evidence. The authorities are uniform to the effect that the best evidence must be produced. *Art Company* v. *Thatcher,* 65 W. Va. 143; *State* v. *Gillespie,* 47 W. Va. 336; *Fox* v. *Railroad Company,* 34 W. Va. 466; *Dickinson* v. *Clark,* 5 W. Va. 280; *Rucker* v. *Lowther,* 6 Leigh 259. The general rule of universal application is that secondary evidence of the contents of a writing is admitted on the theory that the original cannot be produced by the party by whom the evidence was offered, within a reasonable time by the exercise of reasonable diligence. 10 R. C. L. 911. The requirement has not been met in this case. But the plaintiff contends that this error, if error, is at least harmless, since the mother without reference to any record and upon her independent recollection of the facts, testified to the date of the birth of decedent. This is, however, true only where the oral testimony of the mother fixing the date of the child's age is no where contradicted. *Davis* v. *Gaskins,* 137 Ga. 450. This is not the case here. The mother's statement that "I remember the birth a right smart without the book, but I go back to the book when I cannot remember completely—I go to the book and look" negatives an independent recollection of the controverted fact. Then, the defendant controverted the age of the child by offering evidence of the admission of the decedent that he was above sixteen years of age, together with proof to the effect that his appearance was that of a boy of eighteen or nineteen years, together with certain public census records, tending to

show the latter age.   Thus, it was made purely a question for the jury.   There is no way of determining what weight the jury may have given the Bible record.   We cannot say that the jury would have reached the same conclusion on the controverted issue without this evidence.   In view of this fact we are compelled to hold that the introduction of this record is error for which the case must be reversed.

We have carefully examined the instructions offered by both parties, and given by the court, and find no error in them.   They conform to the principles announced in the cases cited in the foreground of this opinion.   The defendant complains of the court's refusal to give its instruction No, 5, which told the jury in effect that although they should find the decedent to have been under sixteen years of age, yet if they believed that the accident which resulted in his death was not the proximate cause of such employment, no recovery could be had.   In view of its instruction No. 4, which was given to the jury, we do not believe it was error to refuse the offered instruction.   The given instruction told the jury that to entitle the plaintiff to recover in the case, the burden was upon him to prove by a preponderance of the evidence that the deceased was less than 16 years of age at the time of the accident which caused his death, and that his employment was the proximate cause of the accident.   The instructions very fairly submitted the case to the jury, and their verdict would not have been disturbed, except for the error in the introduction of evidence already adverted to.

Judgment reversed, verdict set aside, and a new trial awarded defendant.

*Reversed and remanded.*