State *ex rel.* George P. Alderson,

State Tax Commissioner

*v.*

Boyd E. Holbert, Andy Booth and M. J. Gainer,

Ex-Commissioners of Barbour County Court

(CC 753)

Submitted September 7, 1949. Decided November 1, 1949.

Lovins, Judge, not participating.

*Wm. T. George, Sr.,* for plaintiff.

*Frank G. Kittle, Paul B. Ware,* for defendants.

Kenna, Judge:

The State of West Virginia on the relation of George P. Alderson, State Tax Commissioner, for the use and benefit of the County Court of Barbour County, brought this action in assumpsit in the Circuit Court of Barbour County against Boyd E. Holbert, Andy Booth and M. J. Gainer as ex-commissioners of the Barbour County Court. Upon sustaining the several demurrers of the defendants to the declaration and overruling demurrers to the several pleas under the statute of limitations filed by each defendant, on joint motion of the parties there were certified to this Court the following questions:

"1: Is the County Court of Barbour County the real plaintiff in this action?

"2: Does the Statute of Limitations run against the County Court, and, consequently in favor of the individual members of the Court?

"3: Can the separate members of the county court, who served at different times on different courts, who were liable for different amounts created by different courts at different times, be joined in the same suit as defendants?"

According to the declaration's averments, the purpose of the action is to recover overpayments of salary made monthly to each of the defendants by reason of the order of a county court of which he was a member, the amount authorized by statute for the members of the Barbour County Court being $15.00 a month and the payments actually made in the months declared upon being either $25.00 or $40.00 a month, the rather voluminous declaration setting up in separate counts each month against each individual for a considerable part of his four year term.

As to the first question propounded we believe that it is comparatively clear that the County Court of Barbour County is in fact the real plaintiff in this action. The case was brought by the authority vested in the State Tax Commissioner by Code, 11-8-30. That section contains a provision requiring moneys recovered under its authorization from persons who in their official capacity participate in illegal expenditures to be paid into the treasury of the proper fiscal body, here the County Court of Barbour County. No other governmental unit would be entitled to share in any amount recovered under the alleged right of action. The State, or the State Tax Commissioner, or both, are merely formal parties, it being doubtful whether the name of the State is properly used except in describing the State Tax Commissioner in a proceeding under the authority conferred by Code, 11-8-30.

On the second question certified the declaration alleges that the defendants were former county commissioners of Barbour County, Holbert's services ending at the expiration of his term on December 31, 1938, Booth's on December 31, 1940, and Gainer's, who has since died, the

case being revived in the name of his personal representative, December 31, 1944. It is thus seen that any liability incurred by any one of them by reason of official misconduct must have been brought about before the expiration of his term of office. That being so the defendants below contend that the five year provision of Code, 55-2-12, bars a recovery of the amounts claimed to be due from each, with negligible exceptions. To meet that position the plaintiff below argues that Section 38 of Article VI of our Constitution prevents the statute of limitations from running in favor of these defendants by reason of the following language found therein:

> "* * * nor shall any such officer, or his or their sureties be released from any debt or liability due to the state. * * *".

We are of the opinion that that language plainly applies only to "any debt or liability" and not to *remedies* that may be invoked for the purpose of *enforcing* debts or liabilities. Furthermore, that language is confined to obligations "due to the State". Here, while an officer of the State in his official capacity, by virtue of the statute, is a proper formal party plaintiff, the liability sought to be enforced is not "due to the State." It would seem plain that the language of the Constitution under consideration goes to the right and not to the remedy because otherwise Code, 55-2-19, which applies statutes of limitation to the State except where otherwise expressly provided, would likely have been held unconstitutional in many instances before now. We are of the opinion that an obligation due a county court which is of this nature, is known as a private right as distinguished from a public right and that for that reason statutes of limitation, in this case the five year period, apply.

On the third question certified we are clearly of the opinion that at common law there is a plain misjoinder of rights of action displayed by the allegations of the declaration before the court, resulting in a like misjoinder of parties defendant. What liability may have resulted from the facts alleged is in no way set up as a common

liability. It appears from the declaration that Holbert's term ended December 31, 1938, and that Gainer's began January 1, 1941. It appears then that Gainer was not on the County Court of Barbour County with Holbert. The same is true of Booth. That being so, Gainer could incur no personal liability by reason of official misconduct jointly or in common with either. Under the facts alleged, there can be no identity of a right of action as against any two of them. It therefore necessarily follows that they could not be properly joined as co-defendants based upon conduct in which they could have had nothing in common. See 1 Am. Jur. 258, §68.

The case of *County Court v. Duty*, 77 W. Va. 17, 87 S. E. 256, relied upon by plaintiff, applied Sections 10aIII and 10aIV of our Code of 1913. These sections had the effect of making members of a county court jointly and severally liable for all money unlawfully expended. Under the statute as it then read Holbert and Booth might have been properly joined in an action to recover for unlawful expenditures in the years 1937 and 1938 because both were members of the County Court of Barbour County during those years and therefore could have participated in unlawful expenditures then. Of course that would not follow as to persons not on a county court at the same time. However, the statute has since been changed so that in order for the statutory liability to attach the unlawful expenditures must be "wilful". Code, 11-8-29. The declaration in this matter does not so charge. For that reason the statute does not apply.

Based upon the foregoing the first and second questions propounded are answered in the affirmative and the third question in the negative with the result that the rulings of the Circuit Court of Barbour County are affirmed.

*Rulings affirmed.*