STATE *ex rel.* GEORGE P. ALDERSON, *State Tax Commissioner*

*v.*

BOYD E. HOLBERT AND THE FIDELITY AND CASUALTY COMPANY OF NEW YORK

(No. 10480)

Submitted January 28, 1953. Decided March 10, 1953.

*Gene W. Bailey, Joseph E. Hodgson,* Assistant Attorney General, *Wm. T. George, Sr.,* for plaintiff in error.

*Frank G. Kittle, Paul B. Ware,* for defendant in error.

HAYMOND, PRESIDENT:

This is an action of debt instituted in the Circuit Court of Barbour County in July, 1946, by the plaintiff, State of

West Virginia, at the relation of George P. Alderson, State Tax Commissioner of West Virginia, for the use and benefit of the County Court of Barbour County, West Virginia, to recover from the defendants, Boyd E. Holbert and The Fidelity and Casualty Company of New York, the principal sum of $175.00. The amount which the plaintiff seeks to recover represents payments alleged to have been made to Holbert by the county court and by him accepted while he was a member of that court in excess of the salary to which he was entitled during the year 1938, with interest on the amount of the alleged excess payments from December 20, 1938. The action is upon the official bond executed by Holbert as principal and The Fidelity and Casualty Company of New York as surety on December 10, 1934. The bond is payable to the State of West Virginia for the use and benefit of the County Court of Barbour County, in the penalty of $10,000.00, and is conditioned for the faithful performance by Holbert of his official duties as a member of the county court and that he honestly account for all moneys received by him in his official capacity during his term of office from January 1, 1935, to January 1, 1939.

Various questions which have arisen in this litigation have been heretofore passed upon by this Court. In the certified case of *State ex rel. George P. Alderson, State Tax Commissioner* v. *Boyd E. Holbert, Andy Booth and M. J. Gainer,* 133 W. Va. 337, 56 S. E. 2d 114, an action of assumpsit in which Holbert, Booth and Gainer were sued jointly for the recovery of alleged excess payments of salary separately made by the county court to each of them while each was at different times a member of the county court, this Court held that the county court was the real plaintiff, that the statute of limitations runs against a claim by the county court for overpayment of salary of a former member, and that claims for overpayment of salaries against former members of the county court who were not members at the same time may not be joined in the same action. After the remand of that case to the circuit court the action was dismissed by that court. In

the present action, previously before this Court on certificate and now here on writ of error, the defendants originally filed special pleas which separately alleged the pendency of the former action of assumpsit between the same plaintiff and Holbert, Booth and Gainer, involving the same subject matter, and the five year statute of limitations in bar of the claim of the plaintiff. The circuit court overruled demurrers of the plaintiff to the special pleas and certified its rulings to this Court. Upon the certificate this Court held that the circuit court should have sustained the demurrers to the special pleas and reversed the rulings of the circuit court upon the demurrers. *State ex rel. George P. Alderson, State Tax Commissioner* v. *Boyd E. Holbert and The Fidelity and Casualty Company of New York*, 133 W. Va. 807, 58 S. E. 2d 796, 18 A. L. R. 2d 1170.

The declaration in the present action alleges in substance that the defendant, as a member of the county court, was entitled to a salary of $15.00 per month during the year 1938, that he was paid by the county court and wilfully received and accepted, as salary, payments of $40.00 per month for seven months during the period July 5 to December 20, 1938, amounting to an overpayment of $25.00 for each of those months, or a total of $175.00, that in so accepting such excess payments he violated the condition of his official bond, and that he and his surety on the bond became liable to the plaintiff for the amount of the excess with interest from December 20, 1938, the date of the last payment.

After the case was remanded to the circuit court the demurrers to the special pleas were sustained and to the declaration each defendant filed a plea of the general issue. Upon these pleadings the case was tried by a jury. At the conclusion of the evidence offered by the plaintiff the circuit court, on motion of the defendants, directed a verdict for the defendants. It then overruled a motion by the plaintiff to set aside the verdict and grant it a new trial and by final order entered November 19, 1951, rendered judgment in favor of the defendants. To that

judgment this Court granted this writ of error upon application of the plaintiff.

Upon the trial of the action, on November 16, 1951, the principal evidence offered by the plaintiff to establish its claim consisted of a copy, certified by the state tax commissioner, of the audit made by one of his representatives of the accounts of the sheriff of Barbour County for the fiscal year July 1, 1938, to June 30, 1939, the original notes of the audit made by the representative of the state tax commissioner, who died prior to the trial, and the testimony of the clerk of the County Court of Barbour County, the clerk of that court at the time the audit was made, the sheriff of that county at that time and his office deputy who kept his books during the period covered by the audit. The avowals in the record disclose that the audit shows that the defendant Boyd E. Holbert was paid and accepted as salary $40.00 per month for seven months during the period July 1, 1938, to December 31, 1938, instead of $15.00 per month during that period which the plaintiff asserts was the amount fixed by law as the salary of the defendant Boyd E. Holbert. The testimony of the foregoing witnesses was offered chiefly for the purpose of showing the loss  or the destruction of the original orders, vouchers, or warrants, for the monthly payments of salary made to the defendant Boyd E. Holbert for a period of seven months to and including December 31, 1938, issued to him by the county court, signed by its president and its clerk, and paid to him by the sheriff, and the loss or the destruction of the records of the sheriff relating to the payments of salary to the defendant Boyd E. Holbert for those months.

The testimony of the county clerk was that a certified copy of the audit, offered in evidence, was transmitted to his office by the state tax commissioner by letter dated September 11, 1940; that the certified copy in his possession as clerk, was filed by him in his office on the day of the trial; that he had spent "most of three days" in a search of the records of his office in an effort to find the original orders, vouchers, or warrants; that, though these records

"must have been" filed in his office, they "are not there"; that he did not know what happened to them; and that he had been unable to find them. The testimony of the clerk of the county court at the time the orders were issued was that the orders in question had been issued and signed by the president of the court and by the witness as its clerk; that the orders had been kept or stored in his office while he was clerk; that though he had "looked in the office" and "in the places where they might have been stored" and had made some inquiry about them, he learned that they could not be found; that they were in the office when he was the clerk; and that he did not know what had become of them. The testimony of the sheriff of the county at the time the orders were issued, and paid by him to the defendant Boyd E. Holbert, and of his deputy, was that the orders had been paid by the sheriff; and that after they were paid they were filed in the basement of the courthouse. The deputy further testified that at the time the audit was made the orders were delivered to the representative of the state tax commissioner for the purpose of the audit and that the witness did not know what had become of them or where they were at the time he testified.

The certified copy of the audit, when offered, was admitted by the circuit court but, on motion of the defendants, was later rejected and excluded from the evidence. The original notes of the audit, made by the representative of the state tax commissioner, who had died prior to the trial, which, by the testimony of an assistant tax commissioner, were shown to have been made in the performance of his official duty in preparing the audit and to have been in his handwriting, were offered by the plaintiff, in connection with the audit, but were also excluded by the circuit court. At that stage of the trial, it was continued on motion of the plaintiff until November 19, 1951, to enable further search for the original orders and the records of the sheriff relating to them to be made; but at that time those records were not produced. The plaintiff then rested its case and the

defendants made a motion for a directed verdict. This motion the circuit court sustained. The court then directed a verdict for the defendants, overruled a motion by the plaintiff to set aside the verdict and grant it a new trial, and rendered judgment in favor of the defendants.

To reverse the judgment of the circuit court the plaintiff assigns as error the action of that court (1) in refusing to admit the certified copy of the audit in evidence; (2) in striking the evidence offered by the plaintiff and directing a verdict for the defendants; (3) in overruling the motion of the plaintiff to set aside the verdict and to grant the plaintiff a new trial; and (4) in entering judgment in favor of the defendants. In support of these assignments of error, the plaintiff contends that the loss or the destruction of the original records relating to the payments of salary made to the defendant Boyd E. Holbert was sufficiently established to render admissible as evidence the certified copy of the audit which showed the alleged overpayments for the seven month period amounting to $25.00 per month and aggregating $175.00, the principal amount sued for, and the original notes made by the representative of the state tax commissioner which also showed the amount of the overpayments.

To support the action of the circuit court the defendants contend that the evidence offered by the plaintiff was not sufficient to show the loss or the destruction of the original records relating to the payments of salary to the defendant Boyd E. Holbert; that under the best evidence rule the certified copy of the audit and the original notes made in connection with its preparation were not admissible as evidence; and that the plaintiff failed to show by evidence that the lawful salary of the defendant Boyd E. Holbert, as a member of the county court, was $15.00 per month instead of $40.00 per month during the time the payments in question were made.

The best evidence rule, relied upon by the defendants to support their contention that the certified copy of the audit and the original notes used in its preparation are

not admissible as evidence, has been stated to be a rule which requires that the highest degree of proof of which the case from its nature is susceptible must, if accessible, be produced. 32 C. J. S., Evidence, Section 777. "Best evidence" has been defined as "the kind of evidence which, under every possible circumstance, affords the greatest certainty of the fact in question." *Dubie* v. *Batani*, 97 Mont. 468, 37 P. 2d 662; *Capell* v. *Fagan*, 30 Mont. 507, 77 P. 55, 2 Ann. Cas. 37. Though there are some holdings which indicate a different view, it is generally held that the best evidence rule applies only to documentary evidence. 32 C. J. S., Evidence, Section 782; 20 Am. Jur., Evidence, Section 405. With respect to documentary evidence the rule requires that if obtainable the original document must be produced. *Wuerth* v. *Frohlich*, 251 Mich. 701, 232 N. W. 373. The underlying purpose of the rule is the prevention of fraud, *United States Sugar Refinery* v. *E. P. Allis Company*, 7 Cir., 56 F. 786; *Louisville Bridge Company* v. *Louisville and Nashville Railroad Company*, 116 Ky. 258, 75 S. W. 285; *Manhattan Malting Company* v. *Sweteland*, 14 Mont. 269, 36 P. 84; and no evidence may be admitted which presupposes that the party who offers it can obtain better evidence. 32 C. J. S., Evidence, Section 777; *Thompson* v. *Turkey Gap Coal and Coke Company*, 104 W. Va. 134, 139 S. E. 642; *Chicago Art Company* v. *Thacker*, 65 W. Va. 143, 63 S. E. 770; *Fox* v. *Baltimore and Ohio Railroad Company*, 34 W. Va. 466, 12 S. E. 757. Secondary evidence is "such as from necessity in some cases is substituted for stronger and better proof.", *O'Connor* v. *United States*, 11 Ga. App. 246, 75 S. E. 110; and "that which is inferior to primary." *Capell* v. *Fagan*, 30 Mont. 507, 77 P. 55, 2 Ann. Cas. 37. Upon a proper showing that an original writing containing facts relevant to the issues in a case is lost or destroyed, secondary evidence of its contents becomes admissible. 20 Am. Jur., Evidence, Section 437.

In dealing with the proof required to establish the loss or the destruction of a document in order to render

admissible secondary evidence of its contents, the text in 20 Am. Jur., Evidence, Section 440, is in these words:

"The necessary proof of the loss or destruction of a writing as the basis for the introduction of secondary evidence of its contents may be made by the use of any competent evidence which has a logical tendency to establish such fact. The precise quantum of proof that will suffice in this respect is obviously not susceptible of a general rule applicable to all situations that may arise. The question is always one of diligence in the effort to procure the original. It is clear, however, that the best evidence rule does not require proof of the loss or destruction of a writing beyond all possibility of mistake or proof that will exclude every hypothesis of the existence of the original. It is sufficient if the party satisfied the court that, after due and diligent search upon his part, the instrument cannot, due to its loss or destruction, be produced upon the trial. All that one is expected to show is that he has in good faith exhausted, in a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally suggest and which were accessible to him. If any suspicion hangs over the instrument or if there are circumstances tending to excite a suspicion that it is designedly withheld, the most rigid inquiry should be made into the reasons for its nonproduction; but where there is no such suspicion, all that ought to be required is reasonable diligence in the efforts to obtain the original." The same authority, in Section 441, also uses this language:

"The contents of a lost instrument cannot be proved unless it appears that reasonable search has been made in the place where the document was last known to have been and, if not found there, that inquiry has been made of the person last known to have had its custody. If it is shown to have been in a particular place or in the custody of a particular person, that place should be searched or the person in whose custody it is shown to have been should be produced, or, if he is dead, his successor should be called.

"A reasonable search or one which shows reasonable probability of loss of the instrument is, however, sufficient; it need not appear that every possible search has been made."

In *Edgell* v. *Conaway*, 24 W. Va. 747, discussing the sufficiency of the showing of the loss or the destruction of an original paper to permit the introduction of secondary evidence of its contents, this Court said in point 5 of the syllabus: "In such case it is not necessary to exhaust all possible evidence of the loss or destruction of such document. The sufficiency of such evidence is a preliminary question addressed to the discretion of the court; and the object of it is merely to establish a reasonable presumption of the loss or destruction." In *Birch River Boom and Lumber Company* v. *Glendon Boom and Lumber Company*, 71 W. Va. 507, 76 S. E. 972, parol evidence of a reservation of a vendor's lien in a missing unrecorded deed was permitted to show the contents of the writing by reason of the inability of the party offering such evidence to produce the original deed because of its loss. In the opinion this Court said: "Search for the deed and other writings, relating to the alleged lien, fails to reveal them. They are neither in the possession of the plaintiff nor under its control. We think these circumstances justified the admission of secondary evidence of the contents of the deed."

When the proponent of secondary evidence has no interest in withholding an original document and no suspicion exists that the original could be produced, the loss or the destruction of the original need not be established by convincing proof to permit the introduction of secondary evidence of its contents. In such instances proof that an unsuccessful search for the original was made in good faith and with reasonable diligence is sufficient to permit the introduction of secondary evidence in lieu of the original document. 7 Michie's Jurisprudence, Evidence, Section 118. When it sufficiently appears that the original document can not be produced within a reasonable time by the exercise of due diligence secondary

evidence may be admitted. *Thompson* v. *Turkey Gap Coal and Coke Company,* 104 W. Va. 134, 139 S. E. 642; *Showalter* v. *Chambers,* 77 W. Va. 720, 88 S. E. 1072.

The evidence introduced by the plaintiff was sufficient to show that the original orders and other records, relating to the payments of salary to the defendant Boyd E. Holbert during the period of July to December, 1938, the excess in which the plaintiff seeks to recover, were lost and could not be located or produced at the time of the trial. The original orders and records were the best or primary evidence of their contents relating to the payments of salary made to the defendant Boyd E. Holbert, but as the plaintiff, after having exercised due diligence in its efforts to locate and produce them, was unable to do so, the certified copy of the audit relating to the orders, though secondary evidence, became admissible. As already pointed out the evidence offered by the plaintiff on this point showed where the orders and the other records had been customarily kept; that the place where they had been put and were usually kept had been adequately searched; that inquiry as to their whereabouts had been made of the officials who had formerly had them in custody; and that each of these officials, having been produced as a witness, did not have any of them in his possession and did not know where any of them was or how any of them could be located or produced. The evidence offered by the plaintiff also showed that none of the missing records had been seen or possessed for a period of approximately thirteen years before the time of the trial by any one who had formerly had them in his possession. Upon the showing, made by the plaintiff, that reasonable diligence had been exercised and a reasonable search without success has been made in good faith to obtain and produce the original orders for payments of salary to the defendant Boyd E. Holbert as a member of the county court, the certified copy of the audit prepared from the original orders by a representative of the state tax commissioner which shows the amounts and the dates of such payments became admissible as secondary evidence in

lieu of the missing original orders. The best evidence rule having been satisfied by the proved unsuccessful efforts by the plaintiff to find and produce the original records, the circuit court should have admitted in evidence the certified copy of the audit and its action in finally excluding it constituted reversible error.

The certified copy of the audit, even though it may be considered as secondary evidence, which upon the showing made by the plaintiff became admissible as such, was also admissible as a certified copy of a public document under applicable statutory provisions. See 7 Michie's Jurisprudence, Evidence, Section 84. Section 7, Article 1, Chapter 57, Code, 1931, provides in part that "A copy of any record, bond or paper in the office of the clerk of either house of the legislature or of any court, or in the office of the secretary of state, treasurer or auditor, or in the office of the surveyor of lands of any county, or in the office of any other public officer, attested by the appropriate officer, * * * may be admitted as evidence in lieu of the original. * * *. Any such copy or certificate purporting to be sealed, or signed and sealed, or signed alone, by any such officer, may be admitted as evidence without any proof of the seal or signature, or of the official character, of the person whose name is signed to it." The proof shows that the copy of the audit offered in evidence was duly certified by the state tax commissioner and was also admitted to record in the office of the clerk of the County Court of Barbour County as a public document. Section 1, Article 9, Chapter 6, Code, 1931, also provides in part that "The state tax commissioner shall be ex officio the chief inspector and supervisor of public offices, and as such officer (hereafter called the chief inspector) he shall have the power and authority and perform the duties hereafter set forth." Section 7, of the same article and chapter, also provides in part that "The chief inspector shall have power by himself, or by any person appointed by him to perform the service, to examine into all financial affairs of every public office and shall make such an examination at least once a year, if practicable." Section 12, of the

same article and chapter, as enacted by Chapter 104, Acts of the Legislature, Regular Session, 1945, designated in the act as Section 9, provides that "All reports of examination and audits of public offices made in accordance with the provisions of section seven of this article, and the copies thereof, when filed in the office of the chief inspector of public offices or in the office of the state tax commissioner, shall be public documents and shall be available for public inspection." Under Section 7, Article 1, Chapter 57, of the Code of West Virginia, 1931, the certified copy of the audit of the financial affairs of the sheriff of Barbour County, such audit having been made by a representative of the state tax commissioner in the performance of an official duty and filed in the office of the commissioner, and which certified copy has been duly filed in the office of the clerk of the County Court of Barbour County, was admissible and should have been admitted in evidence by the circuit court. Its action in excluding the certified copy of the audit was error which requires reversal of the judgment.

The original notes made by the representative of the state tax commissioner and used by him in the preparation of the audit were competent evidence and should have been admitted. The proof offered by the plaintiff showed that these notes were in the handwriting of the representative of the state tax commissioner who made them; that he made them in the performance of the duty imposed upon him by the state tax commissioner, under Section 7, Article 9, Chapter 6, Code, 1931, to examine the financial affairs of the sheriff of Barbour County for the fiscal year July 1, 1938, to June 30, 1939; that they were used by him in making the audit of the accounts of the sheriff; and that prior to the time of the trial the representative who made the notes and the audit had died. The subject matter of the original notes was material to the issue of the amount of salary paid to the defendant Boyd E. Holbert and the notes constituted entries made by a person in the course of official business and in the discharge of a duty imposed upon him by law. In 20 Am.

Jur., Evidence, Section 1047, the doctrine that such entries are admissible in evidence when the person who made them is deceased is discussed in this language: "An exception to the hearsay prohibition recognized by the common law was the established doctrine which permitted the reception of written entries made by deceased persons in the usual course of professional or official business or in the discharge of some duty. This doctrine rests upon its own basis, and has its own history." The original notes were also admissible as competent secondary evidence of the contents of the missing original orders. Upon the showing, made by the plaintiff, that reasonable diligence has been exercised and a reasonable search without success has been made in good faith to obtain and produce the original orders for payments of salary to the defendant Boyd E. Holbert as a member of the county court the original notes of the representative of the state tax commissioner made by such representative in the performance of an official duty in the preparation of an audit by the commissioner of the financial affairs of the sheriff of Barbour County, which notes are in the handwriting of such representative, who has subsequently died, are based upon such orders, and contain the amounts and the dates of such payments, were admissible as secondary evidence in lieu of the missing original orders. The refusal of the circuit court to admit such evidence was reversible error.

The contention of the defendants that the plaintiff offered no evidence to prove the amount of the monthly salary to which the defendant Boyd E. Holbert was entitled during the period of seven months for which he was paid the sum of $40.00 per month is not tenable. Section 5, Chapter 43, Acts of the Legislature, 1933, Second Extraordinary Session, in effect when the payments in question were made and accepted, expressly fixed the salary of each county commissioner of Barbour County for designated services performed for the county, except his services in court, at the rate of $15.00 per month. That statute, being a general or public law, was a law of which the courts of this State take judicial notice. In *Hart* v.

*Baltimore and Ohio Railroad Company,* 6 W. Va. 336, point 11 of the syllabus contains this statement: "The courts take judicial notice of all public laws or acts of the Legislature, and they need not be proven." *Groves v. County Court of Grant County,* 42 W. Va. 587, 26 S. E. 460; *Board of Education of Flatwoods District v. Berry,* 62 W. Va. 433, 59 S. E. 169, 125 Am. St. Rep. 975; *Squilache v. Tide Water Coal and Coke Company,* 64 W. Va. 337, 62 S. E. 446; *State ex rel. City of Charleston v. Sims,* 132 W. Va. 826, 54 S. E. 2d 729; *State ex rel. Dyer v. Sims,* 134 W. Va. 278, 58 S. E. 2d 766; *Meisel v. Tri-State Airport Authority,* 135 W. Va. 528, 64 S. E. 2d 32. As the circuit court had judicial notice of the amount of the salary of the defendant Boyd E. Holbert, as fixed by the statute, the plaintiff was not required to prove or establish that fact by evidence.

For the reasons set forth in this opinion, the judgment of the Circuit Court of Barbour County is reversed, the verdict is set aside, and this case is remanded to that court for a new trial which is here awarded to the plaintiff.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*